Mack 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00344-CR







Fletcher Kevin Mack, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0950544, HONORABLE BOB PERKINS, JUDGE PRESIDING






 A jury convicted appellant Fletcher Kevin Mack of capital murder, and the trial
court assessed mandatory punishment of life imprisonment. See Tex. Penal Code Ann.
§ 19.03(a)(2) (West 1994). (1) Appellant challenges his conviction by seven points of error,
primarily arguing that the evidence is insufficient to prove that he committed the predicate offense
of burglary. (2) We will affirm the trial court's judgment of conviction.




THE CONTROVERSY


 In the early morning hours of July 19, 1994, appellant entered Tambra McKinley's
apartment without her knowledge or permission, carrying a duffel bag that contained rope and a
large knife. Appellant and McKinley had been dating for approximately two years and had lived
together in the apartment from November 1993 until March 1994, at which time she asked
appellant to move out due to his drinking problem. Although appellant and McKinley continued
to date, he voluntarily moved out of the apartment, removed all of his possessions, stopped paying
rent, surrendered his key to McKinley, and agreed not to visit unless he first called for permission
and arrived sober. Soon after appellant moved out, Adam Shaw, McKinley's friend and former
coworker, moved in. Shaw reimbursed appellant for his share of the deposit and assumed
appellant's portion of the rent and utility payments.

 Appellant had trouble accepting his separation from McKinley. He kept a key to
the apartment without McKinley's knowledge. Appellant expressed increasing hostility towards
Shaw between April and July, but Shaw always defused the situation and prevented any violence. 
On July 12, appellant violated his visitation conditions by arriving drunk at McKinley's apartment
without prior permission. Before leaving, appellant acted aggressively towards Shaw. Appellant
and McKinley had arguments about their relationship throughout July and, as time passed, she
expressed less interest in spending time with him.

 On July 18, 1994, McKinley spoke with appellant on the telephone at 7 p.m. 
Appellant did not mention that he planned to visit her later that evening. McKinley went to bed
at 10:30 p.m. and heard Shaw close his door at 11 p.m. At approximately 1:30 a.m., McKinley
awoke when she heard Shaw yelling for help. She attempted to call 911, but could not get a dial
tone. Appellant then burst into McKinley's bedroom and tore the phone from her hands. 
McKinley ran out of the apartment and saw Shaw slumped in the driveway. After appellant
forcibly dragged McKinley back into the apartment, she saw blood all over appellant's knife and
the floor. Appellant told McKinley: "It's too late, I've already fucked up." Appellant then shut
McKinley in her bedroom, but she escaped through the window to a neighbor's house and called
the police. When the police arrived, appellant had fled and Shaw had already died. An autopsy
revealed that Shaw had been stabbed approximately twenty times.

 The State indicted appellant for capital murder, alleging burglary and kidnapping
as the predicate offenses in two separate paragraphs. See Tex. Penal Code Ann. § 19.03(a)(2)
(West 1994). For the predicate offense of burglary, the State alleged that McKinley was the
owner of the apartment. The State did not seek the death penalty. The trial court granted a
directed verdict in appellant's favor on the predicate offense of kidnapping and submitted only the
burglary predicate to the jury. The jury returned a general verdict finding appellant guilty of
capital murder, and the court imposed a mandatory sentence of life imprisonment. See id.
§ 12.31(a). Appellant now appeals.



DISCUSSION


 In his first and second points of error, appellant challenges his conviction by
arguing that the evidence is legally and factually insufficient to prove the predicate offense of
burglary. Appellant argues that the State failed to prove McKinley was the "owner" of the
apartment, as alleged in the indictment. Appellant relies on the fact that he and McKinley signed
the apartment lease together and urges that the lease gave him equal rights of ownership and
possession in the apartment at the time of the offense. Appellant urges that by voluntarily moving
out of the apartment, he did not relinquish his equal right to possess the apartment. Because the
lease remained in force at the time of the offense and he had not been evicted or enjoined from
possessing the premises, appellant argues that the lease gave him the continuing right to recover
possession of the apartment at any time. Appellant reasons that this alleged right to recover
possession prevents McKinley from being considered an "owner" of the apartment under the Penal
Code and, therefore, the evidence cannot support the jury's finding against him on the predicate
offense of burglary.

 To prove the offense of burglary, the State must show that the defendant entered
a building "without the effective consent of the owner . . . ." Tex. Penal Code Ann. § 30.02(a)
(West 1994). The Code imparts a specialized and technical meaning to the word "owner,"
defining it as a person who "has title to the property, possession of the property, whether lawful
or not, or a greater right to possession than the actor . . . ." Id. § 1.07(35)(A) (emphasis added). 
The Code defines possession as "actual care, custody, control, or management." Id. § 1.07(39). 
Therefore, under the burglary statute, anyone with a greater right to the actual care, custody, or
control of the building than the defendant may be alleged as the "owner." Alexander v. State, 753
S.W.2d 390, 392 (Tex. Crim. App. 1988). This "greater right of possession" doctrine applies
to any prosecution for burglary. Id.

 Appellant presents us with a question of first impression. The published opinions
in this area present situations in which the defendant had no ownership or possessory interest in
the building but argued that the person alleged as the owner had no greater possessory interest in
the building than the defendant. These cases display a clear trend to classify any person with a
colorable possessory interest in the building as an owner under the greater right of possession
doctrine. See Salas v. State, 548 S.W.2d 52, 54 (Tex. Crim. App. 1977) (hotel manager); Gregg
v. State, 881 S.W.2d 946, 952 (Tex. App.--Corpus Christi 1994, pet. ref'd) (resident of house);
St. Julian v. State, 852 S.W.2d 592, 595 (Tex. App.--Houston [14th Dist.] 1993), rev'd on other
grounds, 874 S.W.2d 669 (Tex. Crim. App. 1994) (U.S. postal inspector investigating apartment
mailroom theft at time of burglary); Hudson v. State, 799 S.W.2d 314, 316 (Tex. App.--Houston
[14th Dist.] 1990, pet. ref'd) (apartment tenant); Alexander v. State, 757 S.W.2d 95, 97 (Tex.
App.--Dallas 1988, pet. ref'd) (neighbor who had been given occasional access to duplex);
Chambers v. State, 630 S.W.2d 413, 418 (Tex. App.--Houston [14th Dist.] 1982, no pet.) (district
court judge responsible for oversight of court office); see also Ex parte Davis, 542 S.W.2d 192,
196 (Tex. Crim. App. 1976) (appellant's wife had greater right to possession of their home
because appellant's possessory interest had been extinguished by injunction).

 In this appeal, however, appellant does have an interest in the apartment because
he signed the lease as a cotenant. Appellant distinguishes these prior cases on the ground that his
contractual rights under the lease, standing alone, gave him an equal right of possession without
regard to the fact that he no longer lived in McKinley's apartment at the time of the offense. We
disagree.

 Appellant's position cannot withstand, on this factual record, a straightforward
application of the "greater right to possession" doctrine. The record clearly shows that, at the
time of the offense, McKinley had a greater right than appellant to custody and control of the
apartment. Appellant voluntarily moved out, removed almost all of his possessions from the
apartment, and began living with his parents. Appellant stopped paying rent or utilities, and Shaw
repaid him for his portion of the deposit. Appellant agreed not to visit the apartment unless he
first called for permission. Appellant's only remaining claim to an interest in the apartment was
the fact that his name remained on the lease contract. However, the greater right of possession
doctrine does not credit rights that are unrealized at the time of the offense; instead, we must
compare the parties' actual rights to custody and control of the property on the date of the offense. 
See Tex. Penal Code Ann. § 1.07(39) (West 1994); Salas, 548 S.W.2d at 54; Ex parte Davis, 542
S.W.2d at 195 n.1. Even if appellant could have regained possession of the apartment by virtue
of his contractual rights, he had voluntarily abandoned those rights on the date of the offense and
had far less right, at that time, to control of the apartment than did McKinley.

 If we held otherwise, we would do violence to the statutes that guide our analysis
in this case. Appellant asks us to hold, in effect, that a prosecution for burglary cannot stand if
the defendant has any rights in the property whatsoever. The Penal Code, however, clearly
indicates that a defendant who has some, but less, right to control a building than the alleged
owner may be prosecuted for burglary. See Tex. Penal Code Ann. § 1.07(35)(A) (West 1994). 
The touchstone of our analysis is not whether the defendant has any right to possession of the
property at all, but whether the alleged owner's right to possess the property is greater than the
defendant's. We hold that the evidence in the record amply supports the jury's finding that
McKinley had a greater right than appellant to possession of the apartment on the date of the
offense. Accordingly, we overrule appellant's first and second points of error.

 In his third and fourth points of error, appellant argues that the evidence is legally
and factually insufficient to support the jury's finding that he entered McKinley's apartment with
the intent to commit a felony. Accordingly, appellant argues, the predicate offense of burglary
cannot be used to convict him of capital murder. We find the argument to be without merit
because the burglary finding is supported by an independent statutory ground that appellant has
not challenged on appeal.

 The Penal Code burglary provision provides as follows:



(a) A person commits an offense if, without the effective consent of the owner, he:


 (1)  enters a habitation . . . with intent to commit a felony or theft; or

 

 . . . .

 

 (3)  enters a building or habitation and commits or attempts to
commit a felony or theft.



Tex. Penal Code Ann. § 30.02(a) (West 1994). The trial court charged the jury under both of
these theories of burglary. On appeal, appellant challenges neither this submission nor the
sufficiency of the evidence to support a finding of burglary under Penal Code section 30.02(a)(3).

 The evidence in the record clearly supports a finding that appellant entered
McKinley's apartment and then murdered Shaw, which together qualify as a burglary under Penal
Code section 30.02(a)(3). Therefore, even if appellant were correct that the evidence supporting
the first theory of burglary was legally or factually insufficient, the jury's finding can nevertheless
be independently supported on the second theory of burglary which appellant has not challenged
on appeal. A jury's general verdict may stand if the evidence supports one independent ground
for the conviction even though it does not support conviction on another ground. Fuller v. State,
827 S.W.2d 919, 931 (Tex. Crim. App. 1992), cert. denied, 125 L. Ed. 2d (1993); Aguirre v.
State, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (op. on reh'g); Skillern v. State, 890 S.W.2d
849, 877 (Tex. App.--Austin 1994, pet. ref'd). We overrule appellant's third and fourth points
of error.

 In his seventh point of error, appellant argues that the trial court committed
fundamental error by instructing the jury that kidnapping could be considered as an underlying
felony to support a finding of burglary. The State indicted appellant for capital murder in two
separate paragraphs, alleging two alternative predicate felony offenses of kidnapping or burglary. 
The trial court granted appellant's motion for directed verdict on the paragraph of the indictment
for capital murder alleging kidnapping as a predicate offense. Therefore, the trial court submitted
to the jury only the theory of capital murder alleging burglary as a predicate offense. The trial
court charged the jury with the two statutory definitions of burglary quoted above and then further
charged the jury that, for the purposes of burglary, "murder and kidnapping are felonies." 
Appellant argues that the trial court's directed verdict on the kidnapping theory of capital murder
should have prohibited the jury from considering kidnapping as a felony that could support a
burglary finding. Appellant acknowledges that he failed to object to the charge at trial, but argues
that the instruction constitutes fundamental error under the Almanza rule. See Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

 We agree with appellant that the trial court erred in submitting the charge as it did. 
By granting the directed verdict, the trial court necessarily ruled that the State failed to prove
attempted or actual kidnapping. See Tex. Penal Code Ann. § 19.03(a)(2) (West 1994). The
charge allowed the jury to find burglary if it found that appellant 1) entered the apartment with
the intent to commit murder or kidnapping or 2) entered the apartment and attempted or
committed either murder or kidnapping. The submission of murder under either theory of
burglary was proper. The submission of kidnapping under the first theory was also proper,
because the jury could have found that appellant intended to commit kidnapping when he entered
the apartment, though the State failed to prove that appellant actually committed or attempted
kidnapping. However, because of the directed verdict, the trial court erred by submitting a charge
that allowed the jury to find that appellant committed burglary by entering and then attempting
or committing a kidnapping.

 We reject appellant's argument that this error mandates reversal of his conviction,
however, because the error was clearly harmless. The erroneous submission was only one of four
independent theories for a finding of burglary. By finding appellant guilty of capital murder, the
jury also necessarily found that appellant intentionally murdered Shaw. See Tex. Penal Code
Ann. § 19.03(a) (West 1994). Appellant conceded that he entered the apartment without the
consent of either Shaw or McKinley. Appellant therefore entered the apartment without consent
and murdered one of the occupants, which necessarily proves the State's second, and properly
submitted, theory of burglary. See id. § 30.02(a)(3). Because the jury's verdict necessarily
entailed a finding on this proper theory of burglary, we find beyond a reasonable doubt that the
trial court's error made no contribution to appellant's conviction or punishment and was therefore
harmless. See Tex. R. App. P. 81(b)(2). Accordingly, we overrule appellant's seventh point of
error. 

 In his fifth point of error, appellant argues that the trial court erred by allowing
McKinley to give opinion testimony about Shaw's peaceful character during the State's case-in-chief. As a threshold matter, we note that appellant objected at trial on the basis that the
admission of testimony regarding the character of the accused was improper at that time. 
Generally, any objection at trial that differs from the complaint on appeal preserves nothing for
review. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). However, an otherwise
inadequate objection may nevertheless suffice to preserve error if the grounds were apparent from
the context in the record. See Tex. R. App. P. 52(a). A review of the record indicates that
appellant's trial counsel made a simple misstatement and clearly addressed his objection to the
character evidence concerning Shaw, the deceased, and not the accused. Because appellant's
specific complaint on appeal may be found in the context of the trial record, we will address his
argument on the merits.

 During the State's case-in-chief, McKinley testified that, in her opinion, Shaw had
a peaceful character. Appellant argues that the trial court erred in admitting this evidence because
it was offered prematurely, before the issue had been raised by the defense, in violation of Rule
404(a)(2) of the Texas Rules of Criminal Evidence. That rule states, in relevant part:



(a) Character Evidence Generally. Evidence of a person's character or a trait of
his character is not admissible for the purpose of proving that he acted in
conformity therewith on a particular occasion, except:


. . . .


 (2) Character of Victim. Subject to Rule 412, evidence of a pertinent trait
of character of the victim of the crime offered by an accused, or by the
prosecution to rebut the same, or evidence of peaceable character of the
victim offered by the prosecution in a homicide case to rebut evidence that the
victim was the first aggressor . . . .



Tex. R. Crim. Evid. 404(a)(2) (emphasis added). Because the rule clearly provides that evidence
of the victim's peaceful character may only be offered in rebuttal to defense evidence that the
victim was the first aggressor, we agree with appellant that the trial court erred in admitting
McKinley's testimony prematurely. See Armstrong v. State, 718 S.W.2d 686, 695 (Tex. Crim.
App. 1985).

 We find, however, that the error was harmless. Appellant chose to testify in his
own defense. On cross-examination by the State, appellant corroborated McKinley's testimony
that Shaw had a peaceful character, and appellant's counsel did not object to the State's cross-examination. Trial court error due to improper admission of evidence may be rendered harmless
if other evidence at trial is admitted without objection and it proves the same fact or facts that the
inadmissible evidence sought to prove. See Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App.
1991); Anderson v. State, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986), cert. dism'd, 496 U.S.
944 (1990). Further, in his direct testimony, appellant testified that Shaw attacked him and
therefore was the first aggressor in their altercation. This testimony would have entitled the State
to properly recall McKinley to offer her opinion of Shaw's character. Therefore, the trial court's
error became one of timing only. Under these circumstances, we find beyond a reasonable doubt
that the trial court's error did not make any contribution to appellant's conviction or punishment
and was therefore harmless. Tex. R. App. P. 81(b)(2). We overrule appellant's fifth point of
error.

 In his sixth point of error, appellant contends that the district court erred in limiting
his cross-examination questions aimed at impeaching McKinley's improperly admitted opinion of
Shaw's character. After the trial court overruled appellant's objection to McKinley's testimony,
appellant attempted to impeach her opinion on cross-examination by asking whether she had heard
of incidents in which Shaw had allegedly acted aggressively. The State objected to cross-examination concerning specific instances of conduct, and the trial court sustained the objection. 
Appellant argues that the trial court erred because his cross-examination was proper under Rule
of Criminal Evidence 405, which provides:



In all cases in which evidence of character or trait of character of a person is
admissible, proof may be made by testimony as to reputation or by testimony in
the form of an opinion. . . . In all cases where testimony is admitted under this
rule, on cross-examination inquiry is allowable into relevant specific instances of
conduct.



Tex. R. Crim. Evid. 405(a) (emphasis added).

 Again, we agree with appellant that the trial court erred by disallowing his "have
you heard" cross-examination questions, which are specifically permitted by Rule 405(a). 
However, we believe that this error was also harmless. It is significant that McKinley's responses
to appellant's disallowed cross-examination would have served only as impeachment evidence and
not substantive evidence. Therefore, appellant lost only the chance to discredit McKinley's
opinion, but did not lose the chance to place substantive evidence before the jury. Furthermore,
as discussed above, appellant corroborated McKinley's opinion of Shaw's peaceful character
during his direct testimony. Under these circumstances we find that the trial court's error in
prohibiting appellant's cross-examination was harmless, and we therefore overrule appellant's
sixth point of error. 



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 


 Mack Kidd, Justice


Before Chief Justice Carroll, Justices Aboussie and Kidd


Affirmed


Filed: July 17, 1996


Publish
1. [1]  This offense took place before September 1, 1994, and is governed by the version of the
Penal Code in effect at that time. Because the subsequent amendments to the Code had no
substantive effect on the provisions at issue in this appeal, we cite the current Code for
convenience.
2. [2]  Murder may be classified as capital murder when the State proves that the murder was
intentionally committed during the course of certain other felonies, including burglary. Tex.
Penal Code Ann. § 19.03(a)(2) (West 1994).



ggressor, we agree with appellant that the trial court erred in admitting
McKinley's testimony prematurely. See Armstrong v. State, 718 S.W.2d 686, 695 (Tex. Crim.
App. 1985).

 We find, however, that the error was harmless. Appellant chose to testify in his
own defense. On cross-examination by the State, appellant corroborated McKinley's testimony
that Shaw had a peaceful character, and appellant's counsel did not object to the State's cross-examination. Trial court error due to improper admission of evidence may be rendered harmless
if other evidence at trial is admitted without objection and it proves the same fact or facts that the
inadmissible evidence sought to prove. See Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App.
1991); Anderson v. State, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986), cert. dism'd, 496 U.S.
944 (1990). Further, in his direct testimony, appellant testified that Shaw attacked him and
therefore was the first aggressor in their altercation. This testimony would have entitled the State
to properly recall McKinley to offer her opinion of Shaw's character. Therefore, the trial court's
error became one of timing only. Under these circumstances, we find beyond a reasonable doubt
that the trial court's error did not make any contribution to appellant's conviction or punishment
and was therefore harmless. Tex. R. App. P. 81(b)(2). We overrule appellant's fifth point of
error.

 In his sixth point of error, appellant contends that the district court erred in limiting
his cross-examination questions aimed at impeaching McKinley's improperly admitted opinion of
Shaw's character. After the trial court overruled appellant's objection to McKinley's testimony,
appellant attempted to impeach her opinion on cross-examination by asking whether she had heard
of incidents in which Shaw had allegedly acted aggressively. The State objected to cross-examination concerning specific instances of conduct, and the trial court sustained the objection. 
Appellant argues that the trial court erred because his cross-examination was proper under Rule
of Criminal Evidence 405, which provides:



In all cases in which evidence of character or trait of character of a person is
admissible, proof may be made by testimony as to reputation or by testimony in
the form of an opinion. . . . In all cases where testimony is admitted under this
rule, on cross-examination inquiry is allowable into relevant specific instances of
conduct.



Tex. R. Crim. Evid. 405(a) (emphasis added).

 Again, we agree with appellant that the trial court erred by disallowing his "have
you heard" cross-examination questions, which are specifically permitted by Rule 405(a). 
However, we believe that this error was also harmless. It is significant that McKinley's responses
to appellant's disallowed cross-examination would have served only as impeachment evidence and
not substantive evidence. Therefore, appellant lost only the chance to discredit McKinley's
opinion, but did not lose the chance to place substantive evidence before the jury. Furthermore,
as discussed above, appellant corroborated McKinley's opinion of Shaw's peaceful character
during his direct testimony. Under these circumstances we find that the trial court's error in
prohibiting appellant's cross-examination was harmless, and we therefore overrule appellant's
sixth point of error. 



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 


 Mack Kidd, Justice


Before Chief Justice Carroll, Justices Aboussie and Kidd


Affirmed


Filed: July 17, 1996


Publish
1.