TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00661-CR






Bobby Waldon, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 96-4432, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 A jury found Bobby Waldon Jr., guilty of aggravated assault and unlawful possession of
a firearm by a felon. See Tex. Penal Code Ann. § 22.02(a) (West 1994) (aggravated assault), § 46.04
(West 1994) (possession of firearm by felon). The jury assessed appellant's punishment at forty years in
prison for aggravated assault and ten years in prison for possession of a firearm. In three points of error,
appellant complains about two evidentiary rulings and contends that the charge was erroneous. We will
affirm the trial court's judgment.


Facts


 Although appellant does not challenge the sufficiency of the evidence, we briefly outline the
facts. On February 16, 1996, Byron Mitchell and Ronnie Thompson, members of rival gangs, got into a
fist-fight. Appellant accompanied Thompson to the fight. As the fight was breaking up, Mitchell's brother
appeared and exchanged words with Thompson. Appellant handed a gun to Thompson who shot
Mitchell's brother and another person.


Refusal To Grant Mistrial


 By point of error one, appellant contends the trial court erred when it refused to grant a
mistrial. Officer Bruce Medlicott, an Austin police officer with the gang suppression task force, investigated
the incident. Appellant complains about the following portion of Medlicott's testimony: 


[Prosecutor]:  Do you know the defendant in this case, Bobby Waldon?


[Medlicott]:  I know him by reputation.


[Prosecutor]:  Do you know if he has any gang affiliations?


[Medlicott]:  Supposed to be a Crip.


[Defense Attorney]:  Your Honor, that is hearsay.



Appellant's objection was sustained, the court instructed the jury to disregard the last question and answer,
and appellant's motion for mistrial was overruled.

 Appellant argues that, by this testimony, the jurors may have been persuaded to believe
that he was more likely to have committed the crime because he was acting in conformity with his past gang
membership. Appellant contends that this improper evidence was of such a character that it would be
impossible to cure the harm by only an instruction to disregard. See Kemp v. State, 846 S.W.2d 289, 308
(Tex. Crim. App. 1992); Gardner v. State, 730 S.W.2d 675, 696-97 (Tex. Crim. App. 1987).

 Error in admitting improper testimony is generally corrected by an instruction to disregard
unless it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character
as to suggest the impossibility of withdrawing the impression produced in their minds. Barnes v. State, 876
S.W.2d 316, 327 (Tex. Crim. App.), cert. denied, 130 L .Ed. 2d 110 (1994). Whether an error is
susceptible to cure requires a look at the particular facts of the case. Gardner, 730 S.W.2d at 696.

 Throughout the trial, there was repeated testimony from both State and defense witnesses
about gang membership and activity. In addition to Officer Medlicott's testimony, there existed other
unobjected-to testimony about appellant's gang association. Rosalyn Justice testified without objection that
appellant was a member of the Crips. She was able to make this statement because appellant "throws the
Crips signs and wears the gang's colors." Thompson also testified without objection that appellant was
affiliated with the Crips.

 Since a proper instruction was given after appellant's objection, and the information
imparted by the objectionable testimony was already before the jury, we do not consider Officer
Medlicott's testimony so inflammatory as to have required a mistrial. We conclude that error, if any, was
not harmful. We overrule point of error one.


Lack of Findings On Probative Value and Relevance


 By point of error two, appellant contends that the trial court erred by failing to make a
finding of probative value and relevancy with regard to evidence admitted about appellant's involvement
with a gang and his teardrop tattoo. See Tex. R. Crim. Evid. 404(b). The State responds that appellant
did not preserve this point of error because his trial objections differed from his contentions on appeal.

 Appellant complains about the following portions of testimony:


[Appellant]:  I ain't never been jumped into no gang.


[Prosecutor]:  So if you are documented as a member of the Crips at the Austin Police
Department--


[Defense Attorney]:  Excuse me. Your honor, the prosecutor is once again testifying. 
I object to it. I would like to have the jury instructed to disregard her testimony. She is
not under oath. She is not in the witness chair.


[The Court]:  Members of the jury, you are so instructed to disregard the last statement
and/or question by the State's attorney. 


 * * * * * *



[Prosecutor]:  You have a teardrop tattoo, don't you?


[Appellant]:  Yes, ma'am.


[Prosecutor]:  What is the significance of that tattoo?


[Appellant]:  From my friend being killed in a car accident.


[Prosecutor]:  Isn't that tattoo generally for when a friend is killed in a gang-related
incident?


[Defense Attorney]:  Your Honor, I am going to adopt the same tactic. That question
has been asked and answered. She is plowing over the same ground.


[The Court]:  I am going to let her ask that question. Overrule your objection.


[Prosecutor]:  Isn't the teardrop for when a friend has been killed in a gang-related
incident, or a gang member has killed somebody himself?


[Appellant]:  No, it is not, ma'am.


 * * * * *



 Generally, any objection at trial that differs from the complaint on appeal preserves nothing
for review. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). However, an otherwise
inadequate objection may nevertheless suffice to preserve error if the grounds were apparent from the
context in the record. See Mack v. State, 928 S.W.2d 219, 225 (Tex. App.--Austin 1996, no pet.); Tex.
R. App. P. 33.1 (formerly Tex. R. App. P. 52(a)). We conclude that the grounds asserted on appeal are
substantially different from those asserted during trial. At trial, in the first instance, appellant was concerned
about the prosecutor testifying. The trial court instructed the jury to disregard the prosecutor's comments. 
In the second instance, appellant was concerned about testimony relating to his possible gang activities and
that the prosecutor was seeking to elicit cumulative testimony. In neither instance did appellant object that
the testimony was more prejudicial than probative or that the admission of the testimony would improperly
include evidence of an extraneous offense. Appellant's grounds urged on appeal differ from those asserted
at trial. Consequently, appellant failed to preserve his appellate complaint in the trial court. We overrule
point of error two.


JURY CHARGE


 By point of error three, appellant complains that the trial court erred by refusing to instruct
the jury about the possibility of an intervening or alternative cause of the aggravated assault. At trial,
appellant objected that the charge should have included an instruction "that [appellant's] conduct, if it
existed, in and of itself was not sufficient to commit the offense of aggravated assault and that the intervening
actions of Ronnie Thompson's in and of themselves constitute the offense of aggravated assault without any
conduct attributable to [appellant]." Appellant argues that even if appellant had possessed a gun at some
point, Thompson performed all of the action constituting the substance of the offense.

 Appellant was charged as a party to the aggravated assault and his criminal responsibility
was properly determined by whether the evidence sufficiently supported his status as a party. The
requested instruction is contrary to the law of parties and is inconsistent with the issue of whether appellant
acted as a party to the aggravated assault. The trial court did not err by refusing to give appellant's
requested instruction. We overrule point of error three.


Conclusion


 We affirm the trial-court judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 13, 1997

Do Not Publish



CG Times Regular">[Prosecutor]:  Isn't that tattoo generally for when a friend is killed in a gang-related
incident?


[Defense Attorney]:  Your Honor, I am going to adopt the same tactic. That question
has been asked and answered. She is plowing over the same ground.


[The Court]:  I am going to let her ask that question. Overrule your objection.


[Prosecutor]:  Isn't the teardrop for when a friend has been killed in a gang-related
incident, or a gang member has killed somebody himself?


[Appellant]:  No, i