Opinion issued May 15, 2003




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00551-CR




DERWIN DEAUDREY WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 41,035




 
 
MEMORANDUM OPINION
          Derwin Deaudrey White, appellant, was found guilty of burglary of a
habitation.


 The trial court assessed punishment at six years’ confinement. In two
points of error, appellant argues that (1) the evidence was legally insufficient to
support the conviction; and (2) the trial court erred by admitting his written statement
into evidence. We affirm.
Facts The Initial Argument
          On May 22, 2001, appellant and Natasha Hernandez, his girlfriend and mother
of his daughter, got into an argument at appellant’s mother’s home, in which
appellant grabbed Hernandez by the throat. Hernandez left appellant’s mother’s
house with her two daughters and her roommate. 
          The Butter Knife from the Neighbor
          After Hernandez left appellant’s mother’s home, appellant and a friend went
to Hernandez’s apartment. When he arrived at the apartment complex, appellant
knocked on Abigail Kiss’s apartment door and asked her if he could borrow a
screwdriver or a butter knife. Appellant said he had to fix something in his
apartment. Kiss gave appellant a butter knife. Appellant and his friend then tried to
use the knife to open Hernandez’s apartment door, but the knife broke. Appellant’s
friend then broke down the door. Once inside the apartment, appellant made the door
look as if it had not been damaged and waited inside for Hernandez to come home.
          Kiss was leaving her apartment to go to an appointment, approximately half an
hour after she gave appellant the knife, when she saw appellant standing on the
balcony in front of apartment 1220. Kiss contacted the apartment complex office and
described the man and what had happened. She was told that no man was listed on
the lease and that she should call the police. Suspecting a burglary was in progress,
Kiss called the Clute Police Department.
          Hernandez Returns Home
          Hernandez arrived at her apartment with her daughter and her roommate. The
apartment looked as if someone had been inside. Hernandez asked her roommate to
see if anyone was in their apartment because she was concerned that appellant might
be in the apartment and angry. Her roommate did not return, so Hernandez went up
to the apartment. Hernandez did not see anyone in the apartment; nor did she know
that appellant was in the apartment until her roommate came out of Hernandez’s room
and told her that appellant and his friend were there. As Hernandez turned to leave
the apartment, appellant came at her and locked the doors. Appellant grabbed at
Hernandez and hit her, causing a “busted lip.” When Hernandez asked her roommate
to call the police, appellant ripped the telephone off the wall. Hernandez and
appellant apparently reconciled and were getting into the shower when someone
knocked on the door.
          The Arrest and Investigation 
          Clute Police Officer Jesse Garza responded to a call to investigate a burglary. 
Garza knocked on Hernandez’s door, and Hernandez answered the door. The shirt
that Hernandez was wearing when she answered the door had a little blood on it from
her lip. Garza asked her if there had been a burglary, which she denied, and then
asked her to step outside so that he could talk to her. While outside, he asked
Hernandez what had happened and whether there had been a fight. Hernandez told
Garza that there had been a fight and that her ex-boyfriend was in the apartment.
Garza asked if she wanted to press charges. Hernandez agreed to press charges. 
Hernandez went to the police station, where she provided a statement to the police,
and then had to go to the hospital. Hernandez had contusions to the back of her head
and across the back of her shoulders.
          During his investigation, Garza found that the door had major damage because
it had been kicked in. He also found the broken butter knife given to appellant by
Kiss on a counter in the apartment. Hernandez’s roommate was so terrified during
the incident that she told Garza that she was prepared to jump out of her second story
window to try to get help. 
          Appellant’s Statement
          Appellant was taken to the Clute Police Station where he was interviewed by
Patrol Sergeant Darrell Tyner. Tyner advised appellant of his constitutional rights, 
which appellant waived. Tyner typed appellant’s statement on a computer and went
through it with him to make sure it was accurate. In the statement, appellant admitted
that he and a friend went to Hernandez’s apartment. No one was home. He told his
friend that they had to get the door open and asked a neighbor for a butter knife. His
friend tried to use the butter knife to open the door, but the knife broke. Appellant
was walking away when his friend dove into the door, breaking it down. After
appellant fixed the door to make it look “presentable,” they went inside the apartment
and waited for Hernandez to return home. When Hernandez returned home, appellant
got mad at her for leaving him at his mother’s house. He jerked the telephone out of
the wall and shoved his palm into Hernandez’s mouth, splitting her lip.Discussion
          Legal Sufficiency of the Evidence
          In his first point of error, appellant argues that the evidence was legally
insufficient to support his conviction for burglary. Appellant specifically contends
that he was a co-owner of the apartment. He further argues that, even if he was not
a co-owner, the State failed to prove that his entry was without Hernandez’s effective
consent.
          In reviewing legal sufficiency, we view the evidence in a light most favorable
to the verdict and ask whether a rational trier-of-fact could find the essential elements
of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). The fact finder may reasonably infer facts from the evidence
before it, credit the witnesses if it cares to, disbelieve any or all of the testimony
proffered, and weigh the evidence in the manner it chooses. Bruno v. State, 922
S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no pet.). 
          A person commits burglary if, without the effective consent of the owner, he
enters a habitation and commits or attempts to commit a felony, theft, or assault. Tex.
Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). An owner is a person who “has title
to the property, possession . . . of the property, whether lawful or not, or a greater
right to possession than the actor.” Id. § 1.07(a)(35). Possession is defined as actual
care, custody, control, or management. Id. § 1.07(a)(39). Therefore, under the
burglary statute, anyone with a greater right to the actual care, custody, control, or
management of the building than the defendant may be alleged as the “owner.” 
Mack v. State, 928 S.W.2d 219, 222 (Tex. App.—Austin 1996, pet. ref’d). This
“greater right of possession” doctrine applies to any prosecution for burglary. Id. 
Therefore, we must determine who, at the time of the incident, had a greater right to
possession of the apartment to determine whether appellant was an owner. Id. at 223. 
          Hernandez testified that she and appellant had lived together before and that
he had helped pay bills. The electricity at apartment 1220 was in appellant’s name.
Hernandez explained that she had transferred the electricity from her previous
apartment where appellant had been living with her. Hernandez also testified on
cross-examination that appellant was living at the apartment with her and her
roommate at the time of the incident. But on re-direct examination, Hernandez
testified that she was giving appellant a place to stay and that she and appellant were
not boyfriend girlfriend at that time. 
          Hernandez further testified that appellant did not have his own key to the
apartment, but he was allowed to have a key when he was going to be out late;
otherwise, he had to be let in by either Hernandez or her roommate. When appellant
and Hernandez had lived together in the past, appellant had his own set of keys to
their apartment. Appellant did not have Hernandez’s consent or her roommate’s
consent to enter the apartment on May 22, 2001, but Hernandez never specifically
told him that he was not to enter her apartment. Appellant’s name was not on the
lease.
          Appellant did not testify at trial. However, he admitted in his statement, which
was admitted into evidence, that he and his friend had broken in the door to the
apartment and that he had made the door look “presentable.” He waited in
Hernandez’s apartment for her to arrive home and then assaulted her.
          Viewing the evidence in the light most favorable to the verdict, we find that the
evidence was legally sufficient for a rational trier-of-fact to find the essential
elements of the crime beyond a reasonable doubt. 
          We overrule appellant’s first point of error.
          Admission of Appellant’s Written Statement
          In his second point of error, appellant argues that the trial court erred in
admitting his written statement into evidence because it was not voluntarily given. 
Appellant’s trial counsel objected to the admission of the written statement by stating
that the statement “was not done in the format required by Texas Code of Criminal
Procedure.”
          To preserve error for appellate review, the record must reflect that a complaint
was lodged with the trial court by a timely request, objection, or motion that states the
grounds with sufficient specificity to make the trial court aware of the complaint, and
the trial court must have ruled or refused to rule on the request, objection, or motion. 
See Tex. R. App. P. 33.1(a). Appellant did not properly preserve error because the
objection made by his trial counsel was not sufficiently specific to make the trial
court aware of his complaint regarding the voluntariness of his statement. Since
appellant objected only to the “format” of his statement, he may not complain for the
first time on appeal about the voluntariness of the statement. Appellant’s second
point of error was not preserved for our review and is, therefore, waived. See Tex.
R. App. P. 33.1(a); see also Ross v. State, 678 S.W.2d 491, 492-93 (Tex. Crim. App.
1984) (holding voluntariness of statement was not preserved for appellate review due
to an untimely objection).
          We overrule appellant’s second point of error.Conclusion
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).