Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed
and Memorandum Opinion filed June 25, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00252-CR

____________

 

KIZZY TENNILLE WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43,
547A

 



 

 

M E M O R A N D U M   O P I N I O N

Appellant Kizzy Tennille Williams challenges her conviction
of burglary of a habitation.  Appellant argues in two issues that the evidence
is legally and factually insufficient to support her conviction.  In a third
issue, appellant asserts that the trial court submitted an allegedly
fundamentally erroneous jury-charge instruction.  We affirm.

 

 








I.  Factual and Procedural Background

At one time appellant and complainant Thomas Hicks shared a
dating relationship.  In December 2004, during their relationship, appellant
moved into Hicks=s home in Missouri City, Texas. During
this time, however, appellant also maintained living quarters elsewhere in the
area.  Hicks claimed that appellant moved out of his home several months after
moving in, but that the two continued to date until around October 2005.  The
two dispute whether they were living together in Hicks=s home at the time
of the alleged offense on November 30, 2005. On that date, Officer Larry Brown
responded to a call from Hicks involving a disturbance at the home.  Although
Hicks was not at his home when he called the police, he believed that appellant
had entered his home without his permission.  

Officer Brown arrived at the home and saw appellant leaving
the residence.  Appellant indicated to Officer Brown that she lived in the
residence and that another woman was in the home. Appellant was referring to
Deseree McDowell, the mother of Hicks=s young child.
McDowell and the child had moved into Hicks=s home that day.
McDowell explained to Officer Brown that Hicks helped her move her belongings
into the home earlier in the day and that she was asleep inside the home when
she heard the sound of breaking glass.  McDowell told Officer Brown that
appellant entered the home and threatened her with kitchen knives.  Hicks
arrived on the scene and explained that he was the homeowner and that appellant
did not live at the residence.  Officer Brown determined that appellant entered
the home by breaking a glass door.

Appellant was charged with burglary of a habitation, to
which she pleaded Anot guilty.@  During the jury
trial that followed, Hicks testified that he was not at home when appellant
entered his residence and that he did not give consent for appellant to enter
the home.  He contacted police because he received a phone call from appellant,
who had used McDowell=s cell phone to make the call, and
believed that appellant was in his home without his permission. 








Appellant testified that she arrived at the home on the
evening of the offense to surprise Hicks with a gift after returning early from
vacation.  Appellant, who claimed to have possessed a key to the home, asserted
that Hicks must have changed the locks to the home because her key did not
work.  She admitted that she entered the home by breaking the glass when her
key failed to work.  Once inside, appellant found McDowell sleeping in Hicks=s bed.  Appellant
admitted that she called Hicks from McDowell=s cell phone,
demanding that he return to the residence immediately. 

The jury found appellant guilty as charged.  The trial
court assessed punishment at four years= confinement,
probated for six years. Appellant now challenges her conviction, raising three
issues for appellate review.

II. Issues and Analysis

A.      Is the evidence legally and factually sufficient to
support appellant=s conviction?

In her first two issues, appellant asserts that the
evidence is legally and factually insufficient to support her conviction for
burglary of a habitation.  Specifically, appellant argues that the State failed
to prove Hicks had an ownership interest in the property greater than hers and
that no evidence was presented by the State to show that she had the intent to
commit assault when she entered the residence or that, once inside, she
committed an assault.








In evaluating a legal‑sufficiency challenge, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether
we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.   Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In contrast, when evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether we are able to say, with some objective basis in the record,
that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  It is not enough that this court harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence, and this court cannot declare that a conflict in the evidence
justifies a new trial simply because it disagrees with the jury=s resolution of
that conflict.  Id. at 417.  If this court determines the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against conviction.  Id. at
414B17.  A reviewing
court=s evaluation
should not intrude upon the fact- finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes, 991 S.W.2d at 271. 








A person commits the offense of burglary of a habitation
when that person enters a habitation without the effective consent of the owner
with the intent to commit a felony, theft, or assault, or commits or attempts
to commit the same.  See Tex.
Penal Code Ann. ' 30.02(a)(1), (3) (Vernon 2003).  An Aowner@ is a person who
has title to the property, possession of the property, whether lawful or not,
or a greater right to possession of the property than the actor.  Id. ' 1.07(a)(35)(A)
(Vernon Supp. 2008).  Possession requires actual care, custody, control, or
management.  Id. ' 1.07(a)(39).  A person who possesses a
greater right to the actual care, custody, control or management of the
property than the defendant may be deemed an Aowner@ of the property. 
Mack v. State, 928 S.W.2d 219, 222B23 (Tex. App.CAustin 1996, pet.
ref=d) (comparing the
parties= actual rights to
custody and control of the property at the time of the offense to determine a
party=s greater right to
possession).  An assault occurs when a person Aintentionally or
knowingly threatens another with imminent bodily injury@ or Aintentionally or
knowingly causes physical contact with another when the person knows or should
reasonably believe that the other will regard the contact as offensive.@  Tex. Penal Code Ann. ' 22.01(a)(2)B(3) (Vernon Supp.
2008).

Evidence of Ownership or Greater Right to Possession of the
Habitation

Appellant argues that the State did not prove at trial that
Hicks had a greater right of possession to the home than appellant because the
State failed to show Hicks was the owner of the property who exercised some
degree of care, custody, control, or management over the habitation greater
than appellant, as contemplated by section 1.07(a)(35) of the Penal Code. 
Appellant asserts that the evidence supports a finding that she Aowned@ the property as
the term is statutorily defined.  Appellant claims she had just as much right,
if not more, to the habitation than Hicks.  Appellant points to the following
evidence which she contends demonstrates her ownership:  (1) her driver=s license and
mailing address reflected the address of the home in question; (2) she had
personal belongings at the residence at the time of the incident; and (3) she
helped pay for Hicks=s home-related bills and expenses up until
and including the month of the incident.








Hicks testified at trial that he owned the home and that
appellant did not pay for the home or have any ownership rights to the home. 
Hicks stated that he continues to own the home and that he currently leases
it.  Hicks testified that appellant had a key to the home at one time but that
she returned her key to the home after moving out in early 2005.  According to
Hicks, he and appellant ended their dating relationship around October 2005,
but he would let her in the home whenever she visited him.  Hicks confirmed
that appellant continued to receive mail at the home even after they had ended
their relationship.  Other evidence presented at trial demonstrates that
appellant received bank statements at an address in Round Rock, Texas, after
October 2005.  Hicks and appellant agreed that appellant helped pay for
home-related expenses and bills; however, the two disputed whether appellant
had any belongings in the home.  Officer Brown testified that appellant could
not readily identify any property belonging to her at the home.  Hicks
testified that he had not given appellant consent to be in the home on the date
in question.  








Appellant denied moving out of the home.  She acknowledged
that her name was not on the deed to the home and that she did not receive
income from the lease on the home.  Appellant claimed to have recited her
driver=s license number from
memory to a responding police officer at the scene.  Officer Brown testified
that the full offense report created for the case reflects an address in Round
Rock associated with appellant=s driver=s license number. 
Based on the evidence presented at trial, a jury reasonably could have
determined that Hicks was the owner of the property because he maintained a
greater degree of custody and control over the residence than appellant.  See
Harris v. State, 164 S.W.3d 775, 785B86 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (concluding evidence was sufficient to
support a determination that another person had a greater right to possession);
Mack, 928 S.W.2d at 222B23 (providing that evidence supported an
owner=s greater right to
possess an apartment than the defendant when the defendant moved out, removed
his belongings, lived elsewhere, and could not visit unless he received
permission even though his name remained on the lease); see also White v.
State, No. 01-02-00551-CR, 2003 WL 21101364, at *2B3 (Tex. App.CHouston [1st
Dist.] May 15, 2003, no pet.) (mem. op., not designated for publication)
(providing that another person had a greater right to possession to an
apartment even though the electricity was in the defendant=s name and the
defendant helped pay apartment bills because the defendant did not possess a
key to the apartment and was not listed on the lease).  Although appellant
presented evidence which she claimed supported her ownership argument, we do
not consider whether appellant had any right to possession, but rather focus on
whether Hicks=s right to possess the property was greater than
appellant=s right to possess.  See Mack, 928 S.W.2d at
223.  The evidence in the record amply supports the jury=s determination
that on the date of the offense, Hicks had a greater right to possession of the
home than appellant.  See Harris, 164 S.W.3d at 785B86; Mack,
928 S.W.2d at 223.

Evidence of Intent to Commit Assault

Appellant also asserts that the State presented no evidence
that she entered the habitation with either the intent to commit assault or
that, once inside the home, she committed an assault.  At trial, McDowell
testified that she felt threatened when appellant entered the home, and attempted
to leave with her young son because appellant cursed at her and took her cell
phone.  McDowell testified that appellant blocked their exit while holding two
butcher knives.  See Harris, 164 S.W.3d at 784B85 (concluding
that a complainant=s testimony about being threatened,
punched, choked, and pushed supports a finding of threat of harm under Penal
Code section 22.01(a) for a conviction of burglary of a habitation); Odom v.
State, 852 S.W.2d 685, 686B687 (Tex. App.CHouston [14th
Dist.] 1993, pet. ref=d) (providing that a complainant=s testimony and
description of the knife was sufficient to support the jury=s finding that the
defendant had intent to commit assault even though the knife was never found
and the complainant was not injured by the knife).  The State offered testimony
from Hicks and Officer Brown that after the incident, McDowell appeared shaken
and looked visibly upset.  See Harris, 164 S.W.3d at 785 (providing that
evidence was sufficient when coupled with an officer=s testimony that
he observed that the complainant was crying hysterically).  Given the evidence
presented, the record supports the jury=s determination
that appellant committed or intended to commit an assault against McDowell
after entering the home.  See id.








Viewing the evidence in the light most favorable to the
verdict, a rational trier of fact could have found the essential elements of
burglary of a habitation beyond a reasonable doubt.  See id. at 785,
786; Mack, 928 S.W.2d at 223 (holding the evidence was legally and
factually sufficient to support a finding that another individual had a greater
right to possession of an apartment than the defendant by comparing the parties= actual rights to
custody and control of the property at the time of the offense).  Furthermore,
when the evidence is viewed in a neutral light, we are unable to find, with
some objective basis in the record, that appellant=s conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  See
generally Harris, 164 S.W.3d at 785, 786.  Accordingly, we conclude
the evidence is legally and factually sufficient to support appellant=s conviction.
Appellant=s first two issues are overruled.  

B.      Did the
trial court submit a fundamentally erroneous jury-charge instruction?

In her third issue, appellant complains of error in the
jury charge, arguing that the trial court reversibly erred in submitting an
allegedly fundamentally erroneous jury-charge instruction.  AA hypothetically
correct jury charge has its basis in the indictment allegations.@  Gollihar v.
State, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).  The indictment in this
case alleged, in relevant part, that appellant:

Paragraph A

intentionally or knowingly enter[ed] a habitation without the effective
consent of Thomas Hicks, the owner, and with the intent to commit assault;

Paragraph B

intentionally or knowingly enter[ed] a habitation without the effective
consent of Thomas Hicks, the owner, and committ[ed] an assault.

The jury charge is provided in pertinent part below:

Now if you find from the evidence
beyond a reasonable doubt that on or about the 30th day of November,
2005, in Fort Bend County Texas, the defendant, Kizzy Tennille Williams, did
intentionally or knowingly enter a habitation without the effective consent of
Thomas Hicks, the owner, with either intent to commit assault or once therein
did commit an assault, then you will find the defendant guilty of burglary of a
habitation.  Unless you so find beyond a reasonable doubt, or if you have a
reasonable doubt thereof, you will acquit the defendant and say by your verdict
Not Guilty.








AA >variance= occurs when there
is a discrepancy between the allegations in the charging instrument and the
proof at trial.@  Id. at 247, 257 (providing that a
variance between the wording of a charging instrument and the evidence
presented at trial proves fatal only if the variance is material and prejudices
an accused=s substantial rights).  Appellant does not assert
error or variance in the indictment.  Rather, appellant argues that the record
is Adevoid of evidence
that appellant did not have a greater possessory right to the habitation than
Hicks@ and that the
State presented no evidence that appellant had intent to commit assault or
that, once inside the home, she did commit an assault.  For these
reasons, appellant complains the jury charge was fundamentally erroneous. 
Although appellant frames this argument as a jury-charge error, in her third
issue appellant essentially challenges the sufficiency of the evidence to support
the jury charge.[1] 


A trial court must charge the jury fully and affirmatively
on the law applicable to every issue raised by the evidence.  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007). In analyzing a jury-charge issue, we first determine if an error
occurred, and, if so, we conduct a harm analysis.  Ngo v. State, 175
S.W.3d 738, 743 (Tex. Crim. App. 2005).  The degree of harm necessary for
reversal turns on whether appellant preserved error by objection.  Id. 
Because the jury charge in this case set forth the charges alleged in the
indictment and because we previously have determined that the evidence is
legally and factually sufficient to support appellant=s conviction for
burglary of a habitation as charged, we conclude that no error existed in the
jury charge based on the evidence presented at trial.  See Tex. Code Crim. Proc. Ann. art. 36.14;
Ngo, 175 S.W.3d at 743 (requiring a reviewing court to first determine if
an error occurred in the jury charge, and, if so, then conducting a harm
analysis); Gollihar, 46 S.W.3d at 255 (providing that a hypothetically
correct jury charge is based on an indictment).  Having determined that no
error exists in the charge, we need not conduct a harm analysis.  C.f. Ngo,
175 S.W.3d at 749 (considering harm after finding error in the jury charge). 
Accordingly, we overrule appellant=s third issue.








The trial court=s judgment is
affirmed.

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  Appellant, in her appellate brief, raised no new facts in her third
issue, but instead reasserted the same arguments and facts from issues one and
two, as discussed above.