# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00703-CR

**Jaime Bonilla Alvarado, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-09-302040, HONORABLE JIM CORONADO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On August 31, 2009, Jaime Bonilla Alvarado was driving while intoxicated and was attempting to avoid arrest when he ran a red light and collided with another vehicle. The driver of that vehicle, Robert Benn, was killed instantly. Alvarado pleaded guilty to a single count of felony murder, and a jury sentenced him to fifty years in prison. On appeal, Alvarado contends that the trial court erroneously admitted irrelevant and prejudicial evidence during the punishment phase of the trial. We will affirm the trial court's judgment.

During the punishment phase of trial, Alvarado objected to the admission of an autopsy photo of Benn's face and testimony from the coroner concerning the condition of Benn's body and cause of death. Alvarado asserted that the evidence was irrelevant in light of Alvarado's guilty plea and would only serve to inflame the jury's passions. The trial court overruled Alvarado's

objections. In two issues on appeal, Alvarado contends that admission of the coroner's testimony and the autopsy photo was reversible error.

Assuming without deciding that the trial court should have excluded the coroner's testimony and autopsy photo, we cannot conclude on this record that any error was harmful. A trial court's error in admitting evidence should be disregarded unless the error affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b). "[S]ubstantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

In this case, the coroner's testimony was essentially cumulative of Benn's autopsy report, which was admitted without objection. *See Mack v. State*, 928 S.W.2d 219, 225 (Tex. App.—Austin 1996, pet. ref'd). The autopsy photo was cumulative of, and less graphic than, a gruesome photo of Benn's body before it had been extricated from his severely mangled vehicle, which was also admitted without objection. *See id.* In addition, during closing argument, the State did not emphasize the challenged evidence, but rather focused on Alvarado's admissions that he had three previous convictions for driving while intoxicated; had rejected at least two offers to provide him a safe ride home on that fateful evening; had declined an offer to stay at a friend's house rather than driving while intoxicated; and intentionally drove dangerously in attempting to evade police and avoid arrest. On this record, we have fair assurance that the coroner's testimony and autopsy photo did not influence the jury or had but a slight effect. We overrule Alvarado's two appellate issues.

2

## CONCLUSION

The trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Rose

Affirmed

Filed:   April 6, 2012

Do Not Publish