**AFFIRMED; Opinion Filed July 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00976-CR**
**No. 05-13-00977-CR**

## JOSHUA DERMAIN MALONE, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause Nos. F10-56581-H and F10-60705-H

### MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Joshua Dermain Malone appeals from the adjudication of his guilt for two first-degree felony drug offenses. Malone brings two issues on appeal, complaining the trial court: (1) abused its discretion by finding the alleged violation of community supervision true; and (2) reversibly erred by admitting hearsay evidence.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgments.

Malone was charged with possession with intent to deliver cocaine, in an amount of four grams or more but less than 200 grams, and delivery of heroin, in an amount of four grams or

more but less than 200 grams. Malone waived his right to a jury trial and pled guilty to both offenses pursuant to a plea agreement. The plea agreement placed Malone on community supervision for ten years and deferred adjudication of guilt. The State later moved to adjudicate guilt, alleging Malone violated the conditions of his community supervision by assaulting his wife. The trial court found the allegation true and adjudicated guilt. The trial court sentenced Malone to twenty-five years' imprisonment.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

During the hearing on the motion to adjudicate, the trial court heard testimony from Malone's wife, Malone's daughter, and a police officer who responded to the 911 call. Malone's wife testified she and Malone got into an argument. It escalated to the point where she asked their daughter to call 911. While the daughter called 911, Malone grabbed his wife around her neck and shoved her head against the kitchen wall, leaving a circular dent. Malone's daughter testified she heard a booming sound, went into the kitchen, and saw the dent. Malone's daughter also testified that her father started the physical part of the fight. After the police arrived, one of the officers witnessed the dent and informed Deputy Lamar Williams to arrest Malone.

Malone's wife testified that as a result of the altercation, she had a raspy voice, swelling

on her hands and inside her mouth, and a mark on her fingernail where it was bent backwards in the nail bed.

The State alleged Malone violated the conditions of his probation by intentionally, knowingly, or recklessly causing bodily injury to his wife. Bodily injury means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE § 1.07(a)(8). A preponderance of the evidence in the record supports a reasonable belief that Malone violated a condition of his probation. *See Rickels*, 202 S.W.3d at 763-64. It was the trial court's role, as the fact finder in this case, to reconcile any conflicts in the evidence and judge the witnesses' credibility. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc). Because the evidence is sufficient to prove Malone violated a condition of his community supervision, the trial court did not abuse its discretion by revoking Malone's community supervision and adjudicating his guilt. *See Rickels*, 202 S.W.3d at 763–64; *Sanchez*, 603 S.W.2d at 871. We overrule Malone's first issue.

Malone's second issue contends the trial court reversibly erred by admitting hearsay testimony. At trial, Deputy Williams was asked if the other officer mentioned a dent in the wall. Williams replied, "Yes." Malone objected on the grounds of hearsay. The court overruled the objection.

We review a trial court's decision to admit testimony over a hearsay objection under an abuse of discretion standard. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). Trial court error due to improper admission of evidence may be rendered harmless if other evidence is admitted without objection and it proves the same fact or facts that the inadmissible evidence sought to prove. *Mack v. State*, 928 S.W.2d 219, 225 (Tex. App.—Austin 1996, pet. ref'd) (admission of improper evidence is not harmful error if the same or similar evidence

admitted without objection); *see also Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (error in admission of evidence is cured where same evidence comes in elsewhere without objection).

Williams answered yes to a question regarding whether another officer had mentioned a dent in the wall. Malone, Malone's wife, and their daughter all testified that there was in fact a dent in the wall. The only discrepancy was how the dent was created, a fact Williams did not testify about. Because Williams's answer merely affirmed the same fact already submitted to the court without objection by other witnesses and appellant himself, there is no harmful error. We overrule Malone's second issue.

We affirm the trial court's judgments.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130976F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

JOSHUA DERMAIN MALONE, Appellant

No. 05-13-00976-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F10-56581-H.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 8th day of July, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA DERMAIN MALONE, Appellant

No. 05-13-00977-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F10-60705-H.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of July, 2014.