Joey JINGLES, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–593–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 22, 1987.

Rehearing Denied Nov. 25, 1987.

---

James A. DeLee, Port Arthur, for appellant.

Charles D. Houston, Travis J. Koehn, Bellville, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Joey Jingles, appeals from a judgment of conviction for the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions. The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. Appellant pled "true" to a prior felony conviction for burglary of a building, but "not true" to a prior conviction for credit card abuse. The jury found both convictions true and assessed punishment at thirty years confinement in the Texas Department of Corrections. We affirm.

In three points of error appellant argues that the State's evidence was insufficient to establish the elements of the offense as alleged in the indictment, that the court's charge was fundamentally defective, and that the trial court erred in overruling his motion to dismiss pursuant to the Texas Speedy Trial Act.

On April 1, 1985, while he was in jail for another offense, the State indicted appellant for the August 29, 1984 burglary of Jimmy Burrell's law office in Waller County, Texas. A boarded up rear window of the office had been forced open to enter the building. The State offered eyewitness testimony that appellant and an accomplice committed the offense. The State could not offer Burrell's testimony because he died prior to trial. Although the State did not reindict appellant, it offered circumstantial evidence that Burrell did not consent to the unlawful entry.

In his first point of error appellant alleges there is insufficient evidence to support the jury's finding him guilty. He argues that the State failed to establish lack of effective consent by the owner of the building. In reviewing the sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the

verdict, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Draper v. State,* 681 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The standard applies to review of both direct and circumstantial evidence. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983) (opinion on State's motion for rehearing).

The State was required to establish, beyond a reasonable doubt, the elements of burglary alleged in the indictment and required by Tex.Penal Code § 30.02 (Vernon 1974). The indictment filed on April 1, 1985, alleged in pertinent part: "On the 29th day of August, 1984, the defendant did intentionally, *without the effective consent of Jimmy Burrell, the owner thereof,* enter a building not then and there open to the public ..." (emphasis added).

■ Jimmy Burrell died on September 12, 1985. Appellant argues that because Burrell himself did not testify at the November 19, 1985 trial, the State failed to establish lack of his effective consent. We disagree. It is settled law in Texas that the controlling date for ownership of property is the date of the offense. *Harris v. State,* 471 S.W.2d 390, 392 (Tex.Crim.App. 1971) (opinion on appellant's motion for rehearing). Burrell's death on September 12, 1985, did not affect his ownership of the property on August 29, 1984, the date of the burglary. Although the State was required to prove that Burrell did not consent to the burglary, Texas law has long permitted proof by circumstantial evidence to show lack of the owner's consent to a burglary. *See Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Crim.App.1974); *Tatum v. State,* 649 S.W.2d 139, 142 (Tex.App.—Fort Worth 1983, pet. ref'd). Consequently, lack of Burrell's testimony would not prevent the jury from concluding that he did not consent to Jingles's entering his law office through a boarded up window at night on August 29, 1984.

■ The State called Wanda Mitchell who testified that she was attorney Burrell's secretary at the time of the burglary as she had been for seven years prior. She stated that she and Burrell were the only persons who had access to Burrell's office on the night of the burglary, that she had not given appellant nor anyone else permission to be in the building to remove a stereo and two televisions, and that Burrell had never, in her presence, given appellant permission to enter the office by forcing open a boarded up window. Another witness, Earline Brady, who lived behind Burrell's office, identified a photograph of the rear of Burrell's law office. She stated that she saw appellant and another man enter and exit Burrell's office through the forced rear window entry carrying a stereo and two televisions on the night of the burglary.

After viewing the evidence in the light most favorable to the verdict, we find it excludes every reasonable hypothesis except the guilt of Jingles. *See Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App. 1984). We hold the evidence is sufficient to establish beyond a reasonable doubt that Burrell never consented to appellant's entry into his law office despite lack of Burrell's own testimony. Appellant's first point of error is overruled.

■ Appellant's second point of error alleges that a new trial is necessary due to a fundamental error in the court's charge to the jury during the punishment stage. Since appellant failed to object and indeed offered "no objection" to the court's charge, he has waived all *except* fundamental error. Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981); *See also, Almanza v. State,* 686 S.W.2d 157, 171–72 (Tex.Crim. App.1985) (opinion on State's motion for rehearing), *cert. denied,* —— U.S. ——, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987) (when accused fails to object to charge, reversal will only result if egregious harm has occurred).

Appellant's indictment and the court's charge on punishment both recite two enhancement offenses. Appellant pled "true" to the earliest (first) prior offense but "not true" to the most recent (second) prior offense. Appellant essentially argues that Tex.Penal Code § 12.42(d) (Vernon

Supp.1987) requires the State to allege in the indictment that commission of the most recent offense occurred after conviction for the earliest offense became final. He asserts that since the indictment in the instant case fails to so indicate, the charge, which relied on the indictment, contains fundamental error. We disagree.

Tex.Penal Code.Ann. § 12.42 provides in pertinent part:

d) *If it be shown on the trial* of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

Tex.Penal Code § 12.42(d) (Vernon Supp. 1987) (emphasis added).

█ The State must prove its enhancement case as alleged in the charging instrument. *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Crim.App.1982) (en banc); *Hollins v. State,* 571 S.W.2d 873, 875 (Tex.Crim.App. 1978). However, it is well settled that the State need not allege enhancement counts in an indictment with the same degree of specificity that the primary offense requires. *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Crim.App.1986) (en banc); *Hollins,* 571 S.W.2d at 875. The test is whether the accused has been misled to his prejudice. *Freda,* 704 S.W.2d at 42.

█ Section 12.42(d) mandates punishment for life or twenty-five to ninety-nine years based on enhancement if the State shows *at trial* that the date of the commission of the most recent offense followed the date of final conviction for the earlier offense. Based on *Freda* and *Hollins,* we fail to find that § 12.42(d) requires the State to make that allegation in the charging instrument. The indictment in the instant case indicated the following concerning both of appellant's prior convictions: cause numbers; district number and county of the court; offense charged and its felony nature; and date of conviction. We hold the indictment provided appellant with sufficient notice that he was charged with having been twice convicted of prior felonies. *Hollins,* 571 S.W.2d at 876–77.

█ We also find that the court's charge instructed the jury properly concerning the two prior felonies used for enhancement. The State's proof at trial showed the succession and finality required by Tex.Penal Code § 12.42(d). *See Hollins,* 571 S.W.2d at 876–77; *Brown v. State,* 692 S.W.2d 146, 149–50 (Tex.App. [1st Dist.] 1985), aff'd, No. 663–85 (Tex. Crim.App. June 22, 1988). Appellant has failed to show either that the indictment was prejudicially misleading or that the court's charge resulted in egregious harm. His second point of error is overruled.

█ Appellant raises an alleged violation of the Texas Speedy Trial Act, Tex. Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1987) as his third point of error. A majority of the Court of Criminal Appeals recently declared Article 32A.02 void in its entirety in *Meshell v. State,* 739 S.W.2d 246, 257–58 (Tex.Crim.App.1987). An unconstitutional statute cannot provide a basis of any right or relief. *Robinson v. State,* 739 S.W.2d 795, 797 (Tex.Crim.App. 1987), *citing* 12 Tex.Jur.3d *Constitutional Law* § 41 at 548. We overrule appellant's third point of error.

The judgment of the trial court is affirmed.