**Maurice Luffett HUDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–536–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1990.

John F. Carrigan, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

After a jury found appellant guilty of burglary of a habitation, the court assessed punishment, enhanced by two prior felony convictions, at confinement for 35 years. On appeal, appellant challenges the sufficiency of the evidence to support the conviction, the court's charge to the jury, and the definition of the term "reasonable doubt" given by the judge, the prosecutor, and defense counsel. We affirm.

In his first point of error, appellant contends the evidence is insufficient to sustain his conviction because the evidence fails to show beyond a reasonable doubt that the complainant had a greater right to possession of the burglarized apartment than did appellant. In reviewing a challenge to the sufficiency of the evidence we must view the evidence in the light most favorable to the verdict, *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989), and determine whether any rational trier of fact could have found that the complainant was the owner of the burglarized apartment.

The complainant, a 29 year old female, moved into the apartment in question in August, 1987. At the time the complainant moved into the apartment, she knew the appellant and, while the evidence is unclear as to the exact time, appellant thereafter began living or staying in the apartment with her. In April or May, 1988, as a result of appellant assaulting her, the complainant retrieved appellant's key to the apartment and had him remove his clothes from the apartment. Approximately 30 days later, appellant appeared at the club where the complainant was employed as manager, but she refused to talk to him. In the early morning hours, as she was driving to her apartment after work, she saw the appellant following her. She went to a nearby convenience store where she saw two police cars and talked to the police officers who were present. After appellant drove up to the store, one of the officers told him the complainant did not want appellant bothering her. Appellant stated he would not do so. One of the officers then followed the complainant home, leaving after she got into her apartment.

As the complainant was undressing for bed, she saw appellant walk by her window. She grabbed her pistol, and as she went into the living room, appellant "crashed through the window." The complainant shot twice and then ran from the apartment. An upstairs neighbor saw ap-

pellant quickly walking away from the apartment carrying "a shining-looking bag" and a shirt or blouse. The neighbor also noticed that "some blood was coming from his head."

Shortly thereafter, at the hospital where appellant was receiving medical attention for a gunshot wound, various credit cards and a driver's license belonging to the complainant were recovered from appellant. The complainant testified that among other things missing from her apartment were her purse, her credit cards, her driver's license, and some money belonging to the club where she worked which she would have used to open the club the next day.

Appellant did not testify at trial. He sought, through cross-examination of the complainant, to prove appellant and the complainant were living together as husband and wife and that appellant had equal access to the apartment. The complainant emphatically denied she and appellant were married or that appellant had stayed at the apartment since she had moved him out a month before and secured his key to the apartment. Appellant called only one witness in his behalf, and the most that can be learned from her testimony is that some months before the occurrence in question, "they (the complainant and appellant) were supposed to be getting married."

The judge instructed the jury that in order to convict, they must believe beyond a reasonable doubt that the complainant had a greater right to possession of the apartment than appellant. There actually is *no evidence* upon which the jury could have found the complainant did not have a greater right to possession of the apartment than appellant. Therefore, the evidence is amply sufficient, based upon the complainant's testimony, to support the jury finding. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the court's charge is fundamentally defective because it did not require the jury to find that the complainant had a greater right than appellant to possession of the apartment, but instead compelled the conclusion that the complainant was the owner.

The jury charge instructed that owner "means a person who has a greater right to the possession of the property than the defendant." In applying the law to the facts, the charge instructed the jury:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of June, 1988, in Harris County, Texas, the defendant, Maurice Luffett Hudson, did then and there unlawfully with intent to commit theft, enter a habitation owned by Carol Ann Barfield, a person having a greater right to possession of the habitation than the defendant, without the effective consent of Carol Ann Barfield, namely, without any consent of any kind, then you will find the defendant guilty as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

While appellant stated he had no objections to the jury charge, he requested the following additional instruction:

If you find from the evidence beyond a reasonable doubt that on the 11th day of June, Nineteen Hundred and Eighty-Eight, in Harris County, Texas, the defendant, Maurice Luffett Hudson, because of his relationship with Carol Ann Barfield had the right to enter the premises in question, then you will find the defendant not guilty.

Tex.Code Crim.Proc.Ann. art. 36.15 (Vernon Supp.1990) provides that a requested instruction is sufficient to serve as an objection to the charge if it is "sufficient to call the trial court's attention to the omission in the court's charge." *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986).

While the requested instruction was incorrect and directed to the "right to enter" the apartment, we believe it was sufficient, in view of the argument made to the trial court, to alert the trial court that appellant was objecting to the omission of an instruction regarding greater right to possession

of the premises. *Id.* We, therefore, will review the charge as if appellant had properly objected.

■ Appellant now contends the charge "implicitly directed a verdict of guilt on the element of ownership, which was the only real issue in the case." We do not agree.

In rejecting a similar contention, that a similarly worded instruction amounted to a comment on the evidence, we have previously stated:

> While appellant does not so state in his brief, he apparently contends the trial court should have inserted the parenthetical phrase "if it was" (or other words of similar import), following the phrase "a deadly weapon." We do not agree. To follow appellant's reasoning, it would be necessary to insert the parenthetical phrase following each of the elements necessary to be found by the jury in order to warrant a conviction. The charge, reasonably construed, requires the jury to believe each of the elements beyond a reasonable doubt before they may convict. The succeeding paragraph, reasonably construed, requires the jury to return a verdict of not guilty if they entertain a reasonable doubt as to any element. It was not a comment on the weight of the evidence.

*Francis v. State,* 746 S.W.2d 276, 278 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd).

■ Further, as we have stated in disposing of the first point, there was *no evidence* upon which the jury could have found the complainant did not have a greater right than appellant to possession of the apartment. There being no dispute over the issue, the charge correctly presented the law. *Eddlemon v. State,* 591 S.W.2d 847, 851 (Tex.Crim.App.1979); *Smith v. State,* 61 Tex.Crim. 225, 135 S.W. 533 (Tex. Crim.App.1911). Appellant's second point of error is overruled.

■ In his third, fourth and fifth points of error, appellant complains, respectively, of the trial court's, the prosecutor's and defense counsel's "erroneous statements" and "misdefinition" of the term

reasonable doubt, and in his sixth point of error, contends the court's charge is fundamentally defective for failing to define reasonable doubt. There being no objection at the time of trial, these contentions have not been preserved for our review. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App. 1983). In passing, however, we note that it is improper for the trial court to attempt to define the term "reasonable doubt." *Whitson v. State,* 495 S.W.2d 944, 946 (Tex. Crim.App.1973). Appellant's final points are overruled.

We affirm the judgment of the court below.

SEARS, Justice, dissenting.

I respectfully dissent. I find the court's charge *directed* the jury to conclude that complainant had a greater right to possess the apartment than appellant, an element the state was required to prove beyond a reasonable doubt. The court instructed the jury that "owner" meant a person who had a greater right to possession of the property than the defendant. The court also instructed the jury:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of June, 1988, in Harris County, Texas, the defendant, Maurice Luffett Hudson, did then and there unlawfully with intent to commit theft, *enter a habitation owned by Carol Ann Barfield, a person having a greater right to possession of the habitation than the defendant,* without the effective consent of Carol Ann Barfield, namely, without any consent of any kind, then you will find the defendant guilty as charged in the indictment.

Appellant complained that "a person having a greater right of possession" was "a jury question ... a fact question," and requested the court to add the following instruction to the charge:

> If you find from the evidence beyond a reasonable doubt that on the 11th day of June, Nineteen Hundred and Eighty-Eight, in Harris County, Texas, the defendant, Maurice Luffett Hudson, because of his relationship with Carol Ann

Barfield had the right to enter the premises in question, then you will find the defendant not guilty."

Appellant argued this instruction would enable the jury to find that he could not commit burglary if he had a *possessory* right in the premises.

The evidence established that appellant and complainant lived together in the apartment for some time prior to the offense. The jury was entitled to disbelieve complainant's testimony that she kicked appellant out of the apartment prior to the offense. If the jury believed appellant still had a right to enter the premises, they would have to find him not guilty of burglary. However, the court instruction took this right away from the jury and *instructed* them to find an ultimate fact question.

The state had the burden of proof to establish, beyond a reasonable doubt, that at the time of the commission of the offense, complainant not only had a possessory interest in the property, but that she also had *the greater right to possession* of the property than appellant. *Freeman v. State*, 707 S.W.2d 597, 604 (Tex.Crim.App. 1986). I find the court's language "a habitation owned by Carol Ann Barfield, a person having a greater right to possession of the habitation than the defendant," *instructed* the jury that the complainant had "a greater right to possession than the defendant. The court not only commented on the evidence essential to the state's burden of proof, but it also *directed* the jury to find, irrespective of the evidence, that complainant had a greater right to possession than appellant. I would find beyond a reasonable doubt that such an instruction improperly influenced the jury and contributed to appellant's conviction. *See* Tex.R. App.P. 81(b)(2).

I would reverse and remand for a new trial.