Affirmed and Memorandum Opinion filed January 18, 2005









Affirmed and Memorandum Opinion filed January 18,
2005.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00151-CR

____________

 

TERRANCE FONTE
PRESTON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 968,837

 



 

M E M O R A N D U M  O P I N I O N

A jury found appellant Terrance Fonte
Preston guilty of burglary of a habitation and sentenced him to forty years’
imprisonment.  Appellant brings this
appeal, claiming that the evidence was legally and factually insufficient to
convict him.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  We affirm.








We utilize the normal standards of review
in evaluating legal and factual sufficiency claims.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979) (legal sufficiency);  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency);
King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) (legal
sufficiency).  In order to obtain a
conviction for burglary of a habitation in this case, the State was required to
prove beyond a reasonable doubt that appellant, without the consent of the
owner, entered a habitation or building and committed or attempted to commit a
felony, a theft, or an assault.  Tex. Pen. Code Ann. § 30.02(a)(3)
(Vernon 2003).  Appellant claims that the
evidence is legally and factually insufficient to establish 1) that appellant’s
victim, Shawndrea Taylor, had a greater right of possession of the premises
than did appellant and 2) that an assault had taken place at the time of the alleged
offense.  We disagree.

Possession of the Premises

Section 1.07 of the Texas Penal Code
defines “owner” as one who “has title to the property, possession of the
property . . . or a greater right to possession of the property than the
actor.  Tex.
Pen. Code Ann. § 1.07(35) (Vernon Supp. 2004).  Although appellant and Taylor had at one time
lived together in the apartment in which the assault occurred, Taylor’s name
was the sole name on the lease, i.e., the lease did not list appellant as a
tenant.  Furthermore, appellant did not
have a key to the apartment;[1]
had moved his belongings out of the apartment; and did not financially
contribute to the apartment’s rent payments. 


Appellant cites Jingles v. State in
support of his contention that Taylor did not have a greater right of
possession of the apartment; however, Jingles deals with the lack of
consent element of burglary.  752 S.W.2d
126, 128 (Tex. App.—Houston [14th Dist.] 1987, pet. ref’d).  Here, since Taylor locked her door to prevent
appellant’s entrance, after which appellant kicked Taylor’s door down to enter
the apartment, no question exists as to whether Taylor gave appellant consent
to enter.  Because she clearly did not, Jingles
is inapplicable. 








We do find applicable the two cases
cited by the State, Hudson v. State, 799 S.W.2d 314 (Tex. App.—Houston
[14th Dist.] 1990, pet. ref’d) and Mack v. State, 928 S.W.2d 219 (Tex.
App.—Austin 1996, pet. ref’d).  In each
of these cases, the appellate court held that the appellant had a lesser right
of possession of the premises than did the complainant.  Hudson, 799 S.W.2d at 316 (complainant
had taken appellant’s key and appellant had moved out thirty days prior to the
commission of the offense); Mack, 928 S.W.2d at 222–23 (appellant had
signed the lease as a cotenant but had a lesser right of possession than did
complainant since appellant had stopped paying rent and had “voluntarily moved
out, removed almost all of his possessions from the apartment, and began living
with his parents”).

In further support of his argument
regarding rights to the premises, appellant cites his mother’s testimony that
appellant lived at the apartment on the day of the offense, in direct conflict
with Taylor’s testimony that appellant had moved out.  However, since the jury alone possesses the
authority to determine the credibility of witnesses and the weight to be given their
testimony, these inconsistencies in the testimony do not necessarily render the
evidence insufficient.  See Santos v.
State, 116 S.W.3d 447, 460 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d).  

Taking into account the above testimony
and applicable case law, we find that the evidence is legally and factually
insufficient to show that appellant had a lesser right to possession of the
premises than did Taylor.

Assault

Appellant claims that the evidence is
legally and factually insufficient to establish that there was an assault at
the time of the incident.  In support, he
posits that the evidence offered by Taylor concerning the assault was
contradicted by evidence of the responding police officer, Kathryn
Richards.  The officer testified that
Taylor had no visible injuries on her upon Richards’s arrival on the scene, but
that Taylor appeared “very paranoid and very shaken.”  Richards also testified that the door to the
apartment was cracked in half and that Taylor told her that appellant had
broken down the door to enter, had grabbed Taylor by the throat, and had thrown
her across the room.

The Penal Code states that an assault
occurs if a person

(1)     intentionally, knowingly, or recklessly
causes bodily injury to another, including the person’s spouse;








(2)     intentionally or knowingly threatens
another with imminent bodily injury, includin the person’s spouse; or

(3)     intentionally
or knowingly causes physical contact with another when the person knows or
should reasonably believe that the other will regard the contact as offensive
or provocative.    

Tex. Pen. Code Ann. § 22.01(a) (Vernon 2003).  All of the evidence in the record should be
examined to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. at 319; see
also Criner v. State, 860 S.W.2d 84, 86–87 (Tex. Crim. App. 1993).

An examination of the evidence shows that the State
presented sufficient evidence upon which a jury could have determined beyond a
reasonable doubt that appellant assaulted Taylor.  Taylor testified that appellant broke the
door to her apartment, grabbed her, and threw her against a wall.  Testimony by Taylor’s friend, Ben Robinson,
corroborates her story, as does testimony by Officer Richards.  Despite the fact that appellant claims
Richards’s testimony indicates that Taylor was not injured by the assault,
Richards’s testimony proves only that visible injuries did not exist at the
time immediately following the assault. 
Richards did testify, however, that Taylor told her that appellant had
grabbed her by the throat and thrown her across the room; this alone would be
sufficient evidence upon which a jury could have found that an assault had been
committed under section 22.01(a)(3) of the Penal Code.  The evidence is legally and factually
sufficient to establish that an assault took place inside Taylor’s apartment on
the day of the offense.

Conclusion

Taking into account the above evidence and the fact that
the jury is the sole judge of the credibility of the witnesses and the weight
to be given their testimony, we find that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  King, 29 S.W.3d at 562-63; Santos,
116 S.W.3d at 460.  That is, viewing the
evidence in the light most favorable to the verdict, we find that a rational
jury could have determined that appellant entered Taylor’s apartment without
her consent and assaulted her.  The
evidence is therefore legally sufficient to support appellant’s conviction.








We also find that a neutral review of the
evidence does not show that the proof of guilt is so weak that it demonstrates
that the verdict is clearly wrong and manifestly unjust; neither is the
contrary proof so strong that the reasonable doubt standard could not have been
met.  Zuniga, 144 S.W.3d at
484-85.  The evidence is therefore
factually sufficient to support appellant’s conviction.  

Appellant’s points of error are overruled;
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 18, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  To enter the
apartment on the day of the offense, appellant kicked the door in.