FILED IN
COURT OF CRIMINAL APPEALS

November 13, 2015

ABEL ACOSTA, CLERK

PD-0794-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 12:26:26 PM
Accepted 11/13/2015 12:30:52 PM
ABEL ACOSTA
CLERK

No. PD-0794-15

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

*ESSIE D. HOPKINS*, Appellant/Petitioner

vs.

*THE STATE OF TEXAS*, Appellee/Respondent

*On discretionary review of a decision by the
Court of Appeals, Fifth District at Dallas, Texas
in Cause No. 05-14-00146-CR*

*On appeal from the 291st Judicial District Court of Dallas County, Texas
in Trial Court Cause No. F13-55764-U*

## STATE'S BRIEF

Susan Hawk
*Criminal District Attorney*
Dallas County, Texas

*Counsel of Record:*
Marisa Elmore
*Assistant District Attorney*
State Bar No. 24037304
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas  75207-4399
(214) 653-3625
(214) 653-3643 *fax*
marisa.elmore@dallascounty.org

*Attorneys for the State of Texas*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................iii

STATEMENT OF THE CASE ................................................................ 1

STATEMENT OF FACTS ..................................................................... 2

SUMMARY OF ARGUMENT ................................................................ 6

ARGUMENT ........................................................................................ 7

> **RESPONSE TO GROUND FOR REVIEW: The Fifth Court of Appeals' determination that the State was relieved of its burden to prove the prior convictions in the enhancement allegations by Appellant's pleas of true does not conflict with prior decisions of this Court. The record contains no evidence affirmatively reflecting that the prior convictions were improperly used to enhance Appellant's punishment, and Appellant has forfeited his right to a sufficiency review.** ............................................... 7

PRAYER ............................................................................................ 24

CERTIFICATE OF WORD-COUNT COMPLIANCE ............................. 24

CERTIFICATE OF SERVICE .............................................................. 24

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State,*
   957 S.W.2d 30 (Tex. Crim. App. 1997)....................................................17

*Brumfield v. State,*
   445 S.W.2d 732 (Tex. Crim. App. 1969)..................................................21

*Childs v. State,*
   No. 05-09-01225-CR, 2011 Tex. App. LEXIS 696 (Tex. App.—Dallas
   Jan. 31, 2011, pet. ref'd)..........................................................................13

*Crumpton v. State,*
   301 S.W.3d 663 (Tex. Crim. App. 2009)..................................................17

*Dinn v. State,*
   570 S.W.2d 910 (Tex. Crim. App. 1978)..................................................19

*Ex parte Beck*,
   769 S.W.2d 525 (Tex. Crim. App. 1989).....................................16, 17, 18

*Ex parte Patterson,*
   740 S.W.2d 766 (Tex. Crim. App. 1987)..................................................16

*Ex parte Rich,*
   194 S.W.3d 508 (Tex. Crim. App. 2006)....................................................9

*Fletcher v. State*,
   214 S.W.3d 5 (Tex. Crim. App. 2007)......................................................20

*Flowers v. State*,
   220 S.W.3d 919 (Tex. Crim. App. 2007)..................................................20

*Freda v. State*,
   704 S.W.2d 41 (Tex. Crim. App. 1986)....................................................10

*Grettenberg v. State,*
 790 S.W.2d 613 (Tex. Crim. App. 1990) ................................................ 16

*Harvey v. State,*
 611 S.W.2d 108 (Tex. Crim. App. 1981) ................................................ 13

*Hopkins v. State,*
 No. 05-14-00146-CR, 2015 Tex. App. LEXIS 5468 (Tex. App.—Dallas
 May 28, 2015, pet. granted) (mem. op., not designated for publication). 2, 10

*Jingles v. State,*
 752 S.W.2d 126 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) ..... 10, 11

*Long v. McCotter,*
 792 F.2d 1338 (5th Cir. 1986) ................................................................ 19

*Luken v. State,*
 780 S.W.2d 264 (Tex. Crim. App. 1989) ................................................ 17

*McFarland v. State,*
 928 S.W.2d 482 (Tex. Crim. App. 1996) ................................................ 21

*Mikel v. State,*
 167 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ......... 9, 23

*Narron v. State,*
 835 S.W.2d 642 (Tex. Crim. App. 1992) ................................................ 16

*Pelache v. State,*
 324 S.W.3d 568 (Tex. Crim. App. 2010) ................................................ 15

*Roberson v. State,*
 420 S.W.3d 832 (Tex. Crim. App. 2013) ........................ 8, 9, 10, 12, 14, 15

*Tomlin v. State,*
 722 S.W.2d 702 (Tex. Crim. App. 1987) ............................................ 21, 22

*Wheat v. State,*
 442 S.W.2d 363 (Tex. Crim. App. 1969) ................................................ 21

*Williams v. State*,
   980 S.W.2d 222 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) .......... 10

*Wilson v. State,*
   671 S.W.2d 524 (Tex. Crim. App. 1984) ................................................. 10

**Statute**

Texas Penal Code Ann. § 12.42 (West Supp. 2014) .............................. 1, 8, 19

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State of Texas submits this brief in response to the brief of Appellant, Essie D. Hopkins.

## STATEMENT OF THE CASE

A grand jury indicted Appellant for aggravated robbery with a deadly weapon, a first-degree felony. (CR: 14). Appellant pled not guilty before a jury, and the jury found him guilty. (RR3: 13; RR4: 53; CR: 37). Appellant elected to have the trial court assess his punishment. (RR4: 53).

At the punishment phase of trial, the State sought to enhance Appellant's punishment under the habitual-offender statute with two prior aggravated assault convictions. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014). Appellant pled true to the two prior convictions. (RR5: 7-8; CR: 37). The trial court accepted Appellant's pleas of true and found the enhancements to be true; found that Appellant used or exhibited a firearm, a deadly weapon, during the commission of the offense; and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. (RR5: 70-71; CR: 37).

On appeal, the Fifth District Court of Appeals at Dallas affirmed Appellant's conviction. *Hopkins v. State,* No. 05-14-00146-CR, 2015 Tex. App. LEXIS 5468 (Tex. App.—Dallas May 28, 2015, pet. granted) (mem. op., not

1

designated for publication). This Court granted Appellant's petition for discretionary review on September 16, 2015.

## STATEMENT OF FACTS

The State made two prior-offense allegations to enhance Appellant's punishment under the habitual-offender statute, one in the indictment and one in a separate notice pleading. (CR: 14, 17). The State first alleged in the indictment that Appellant had a prior conviction for aggravated assault with a deadly weapon as follows:

> And it is further presented to said Court that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of the felony offense of AGGRAVATED ASSAULT WITH A DEADLY WEAPON, in the 195TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in Cause Number F0362924, on the 29TH day of AUGUST, 2003[.]

(CR: 14). The State later alleged in the notice pleading that Appellant had another prior aggravated assault with a deadly weapon conviction as follows:

> Prior to the commission of the aforesaid offense by the said ESSIE HOPKINS, to-wit: on the 4th day of January in the CRIMINAL DISTRICT COURT NO. 3 of DALLAS County, Texas, in cause number F09-559-86 on the docket of said Court, the said ESSIE HOPKINS under the name of ESSIE HOPKINS, was duly and legally convicted in said last named Court of a felony, to-wit: AGGRAVATED ASSAULT WITH A DEADLEY [sic] WEAPON, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said ESSIE HOPKINS, prior to the commission of the offense

2

hereinbefore charged against him, as set forth in the first paragraph hereof[.]

(CR: 17). The State did not include the year of Appellant's conviction for the aggravated assault alleged in the notice pleading.

Contemporaneously with the notice pleading, the State also filed a notice of extraneous offenses, which provided Appellant with notice that, during either guilt/innocence or punishment, the State might introduce his extraneous offense of "Aggravated Assault Deadly Weapon," with a "Date Committed (on or about) June 7, 2009, Convicted January 4, 2010, Dallas County, Texas," as well as his "Aggravated Assault Deadly Weapon," with a "Date Committed (on or about) January 2, 2003, Convicted August 29, 2003, Dallas County, Texas." (CR: 18).

At the punishment hearing, the State read the enhancement allegations aloud, and Appellant pled true to them. (RR5: 7-8). In response to questioning by the trial court, Appellant agreed that he had been to the "pen" before on the two prior felony convictions listed in the enhancements:

> THE COURT: Okay. What I'm asking you is the two prior felony convictions, okay?
>
> [APPELLANT]: The other two?
>
> THE COURT: When you went to the pen before.
>
> [APPELLANT]: Oh, yeah.

THE COURT: That's what I'm asking you about. Okay. Are those two prior felony convictions true or not true?

[APPELLANT]: True.

(RR5: 8). The State then presented evidence of two additional extraneous offenses committed by Appellant—an aggravated robbery in February 2013, and an aggravated robbery in March 2013. (RR5: 12-30; 32-39; CR: 22). The State did not offer penitentiary packets to prove the prior convictions.

Appellant presented the testimony of his mother, Rebecca Hopkins, who testified about the two aggravated assault convictions that resulted in Appellant's two trips to the penitentiary, one for a 2003 aggravated assault and one for a 2009 aggravated assault. (RR5: 49-53, 56-57, 59-60). She testified that the first time Appellant went to the penitentiary was for the 2003 aggravated assault conviction. (RR5: 51, 58). He was initially granted probation for the offense but was eventually sent to the penitentiary for five years. (RR5: 51, 58). Hopkins testified about Appellant's second stint in the penitentiary, for the 2009 aggravated assault, as follows:

[THE STATE]: … Do you know what happened in the second case in 2009?

[HOPKINS]: Second case?

[THE STATE]: The second case where [Appellant] went to the penitentiary?

4

[HOPKINS]: Oh, him and a boy got into it over there by where we live.

[THE STATE]: Okay.

[HOPKINS]: That's when he shot at him or something like that.

…

[THE STATE]: Okay. But you do know it was an aggravated assault charge as well?

[HOPKINS]: Uh-huh.

[THE STATE]: And you also know it involved a firearm as well?

[HOPKINS]: Yeah.

[THE STATE]: Okay. And you said that happened over close to where we live[?]

Do you know what apartment complex that was?

[HOPKINS]: Huh-uh. All I know, it was behind Texaco.

…

[THE STATE]: Ma'am if you saw a picture of that apartment complex, would you recognize it as the one where that offense happened?

[State shows witness Exhibit 1]: Does that look familiar to you at all?

[HOPKINS]: Yeah, that's them.

…

5

[THE STATE]: … That's the same apartment complex where this 2009 aggravated assault happened?

[HOPKINS]: Yeah, because that's what the officer had told me.

(RR5: 56-61). The State did not offer evidence of any other aggravated assaults or other extraneous offenses committed by Appellant.

## SUMMARY OF ARGUMENT

The State was not required to plead a sequence of the prior convictions on the face of the indictment. Appellant's argument that, under *Roberson,* his pleas of true where the pleadings did not allege a sequence required the State to present evidence of the sequence is misplaced. In *Roberson*, the State, on the face of the pleadings, alleged a factually-impossible sequence for the prior convictions. Here, the State's pleadings contained a simple clerical omission that did not create a factually-impossible sequence; instead, the pleadings simply did not allege a sequence at all. Appellant forfeited his right to complain about the sufficiency of the evidence to prove the sequence of the enhancement allegations because his pleas of true to the allegations proved them, and he does not point to any evidence in the record that affirmatively reflects the prior offenses did not occur in the statutorily-required sequence.

Moreover, the State urges this Court to hold that the State is not required to plead hyper-technical "magic words"—that the first conviction became

6

final, then the offense leading to a later conviction was committed, then the later conviction became final—in making indictment allegations of the particular sequence of prior convictions. Our modern practice of notice pleading should allow the State to notify the accused of the consequences of his committing sequential prior convictions in some other form. Finally, a rational trial court could have found that the State presented legally sufficient evidence to prove the sequence of the two prior convictions.

## ARGUMENT

### RESPONSE TO APPELLANT'S GROUND FOR REVIEW

**The Fifth Court of Appeals' determination that the State was relieved of its burden to prove the prior convictions in the enhancement allegations by Appellant's pleas of true does not conflict with prior decisions of this Court. The record contains no evidence affirmatively reflecting that the prior convictions were improperly used to enhance Appellant's punishment, and Appellant has forfeited his right to a sufficiency review.**

In his petition for discretionary review, Appellant contends that the Fifth Court of Appeals has decided an important question of law that conflicts with the decisions of this Court. Appellant argues that the State's omission of the year of the prior conviction alleged in the notice pleading rendered its chronological relationship to the prior conviction alleged in the indictment or to the charged offense "not so clear." (Appellant's Brief, p. 3). Hence, under an implied holding in *Roberson v. State* that a defendant's "plea of true [to

7

enhancement paragraphs], standing alone, is not sufficient evidence to prove the sequence of the enhancement allegations," the Fifth Court incorrectly determined that the State was relieved of its burden of proving the sequence of his prior convictions even though he pled true to the allegations. *See Roberson v. State*, 420 S.W.3d 832, 838 (Tex. Crim. App. 2013). (Appellant's Brief, p. 7). He concludes that the evidence is insufficient to prove the enhancement allegations. He is incorrect.

*1. Requirements of the habitual-offender statute*

Section 12.42(d) of the Texas Penal Code provides that a defendant's punishment may be enhanced if:

> [I]t is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term not more than 99 years or less than 25 years . . . .

Tex. Penal Code Ann. § 12.42(d). Thus, the chronological sequence of events to be proved is as follows: (1) the first conviction became final, (2) the offense leading to a later conviction was committed, (3) the later conviction became final, and (4) the defendant committed the offense for which he presently stands accused. *Jordan v. State*, 256 S.W.3d 268, 290-91 (Tex. Crim. App. 2008).

8

As a general rule, a defendant's plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the sufficiency of the evidence to prove the prior conviction. *Roberson,* 420 S.W.3d at 838. However, there is a narrow exception to this rule. If the record "affirmatively reflects" that a prior conviction was improper—for example, the conviction did not occur in the sequence alleged by the indictment—then the evidence is insufficient to support the habitual-offender enhancement even if the defendant pled true to the enhancement. *Id. (citing Ex parte Rich,* 194 S.W.3d 508, 513 (Tex. Crim. App. 2006)); *Mikel v. State,* 167 S.W.3d 556, 559 (Tex. App.— Houston [14th Dist.] 2005, no pet.) (holding evidence was insufficient to prove the second enhancement paragraph where the evidence affirmatively reflected that it was factually impossible for the defendant to have committed the first prior offense after the conviction for the second prior offense was final).

*2. The State was not required to plead the sequence of Appellant's prior convictions.*

Appellant acknowledges that the first enhancement allegation in the indictment clearly alleged that he was convicted of a prior aggravated assault on August 29, 2003. (Appellant's Brief, p. 3). He argues, however, that, because the sequence of the second allegation in the notice pleading is "not so clear," the State was required, under *Roberson v. State,* to present evidence of

the sequence, even in the face of his true pleas. (Appellant's Brief, p. 3). On direct appeal, the Fifth Court of Appeals, citing *Roberson v. State*, held that the enhancement paragraphs pled sequential prior convictions, and Appellant, who pled true to the enhancements, had not identified any affirmative evidence on the record reflecting that the convictions were improperly used to enhance his punishment. *Hopkins*, 2015 Tex. App. LEXIS 5468, at *15-16.

"Allegations of prior convictions for the purpose of enhancement give pretrial notice to a defendant that the state intends to seek greater punishment and allow a defendant to prepare a defense." *Roberson*, 420 S.W.3d at 840. Because their purpose is to provide notice, "it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (quoting *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986)). The State was not required to plead the sequence of the prior convictions. *See Jingles v. State*, 752 S.W.2d 126, 129 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (concluding section 12.42(d) does not require the State to allege sequentiality in the pleadings). Pleas of true to enhancement allegations at the punishment phase of trial constitute evidence and sufficient proof to support such allegations. *Wilson v. State,* 671 S.W.2d 524, 526 (Tex. Crim. App. 1984).

10

Regardless of Appellant's complaint about the "not so clear" sequential allegations, the State was not required to plead the sequence of the prior convictions. *See Jingles,* 752 S.W.2d at 129. The State obviously made a clerical error by omitting the year of the January 4 aggravated assault conviction in the notice pleading. The record reflects that, contemporaneously with the notice pleading it filed on December 11, 2013, the State also filed a notice of extraneous offenses with the district clerk and served it on Appellant. (CR: 18). The notice of extraneous offenses included the full date of the aggravated assault the State planned to introduce evidence of at trial as occurring on or about June 7, 2009, with a final conviction date of ***January 4, 2010***. (CR: 18). Although the State alleged Appellant was finally convicted of the January 4 aggravated assault prior to the indicted offense, the State inadvertently omitted the year of the conviction, and, hence, it alleged no sequence in relation to the prior conviction listed in the indictment. At most, this obvious clerical omission amounted to the State making no allegation of the sequence of the convictions in relation to one another. Even if the State had included the year, neither allegation makes reference to the other, only to the indicted offense, so the State made no sequential allegations, which it was not required to do.

Appellant argues that *Roberson*, the case relied upon by the Fifth Court in holding his pleas of true were sufficient evidence to support the enhancement

11

allegations, supports his position that the State was required to put on evidence of the sequence of the prior convictions. In *Roberson*, the State also sought to enhance the defendant's conviction with two prior convictions; however, the indictment, on its face, pled a factually-impossible sequence of prior convictions, which would have been impossible to prove (and hence, improperly used to enhance punishment) regardless of the defendant's pleas of true. *Roberson*, 420 S.W.3d at 836. Thus, this Court examined the record to determine if the evidence supported the jury's finding that the prior convictions occurred in the statutorily required sequence, and determined that the evidence was sufficient to support the finding. *Id.* at 841.

*Roberson*, however, is distinguishable from the case at bar. Here, the State's allegations of an August 29, 2003 conviction that occurred prior to the indicted offense and a January 4 conviction that occurred prior to the indicted offense did not, on their face, create a factually-impossible prior-conviction sequence as in *Roberson*; they simply amounted to the State making no allegation regarding the sequence of the convictions in relation to one another. Therefore, a situation is not presented where, due to factually-impossible enhancement allegations, this Court is called upon to review the record to ensure the evidence supported a finding that the prior convictions occurred in the statutorily-required sequence.

*3. Appellant's pleas of true were sufficient proof of the sequence of the prior convictions.*

The enhancement allegations were read aloud at trial as they were alleged in the indictment and the notice pleading, and the trial court clarified with Appellant that they were the two aggravated assault convictions for which he had served time in the penitentiary. (RR5: 7-8). Appellant stated that they were, and pled true to them. (RR5: 7-8). Appellant's pleas of true relieved the State of its burden of proof and forfeited his right to challenge the sufficiency of the evidence supporting enhancement, even where the enhancement paragraphs contained no allegations as to the sequence of the prior convictions. *See, e.g., Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); *see also Childs v. State*, No. 05-09-01225-CR, 2011 Tex. App. LEXIS 696, at *12-13 (Tex. App.—Dallas Jan. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (holding Childs forfeited his right to complain about the sufficiency of the evidence to prove the sequence of his prior convictions where the pleadings did not allege the sequence, he pled true to the enhancements, and he did not point to any affirmative evidence in the record showing the enhancements were improper). Here, Appellant's pleas of true were sufficient evidence to prove the sequence of the prior convictions.

13

4. *No evidence in the record affirmatively reflects that the prior convictions were improperly used to enhance punishment.*

Appellant does not point to any evidence in the record that affirmatively reflects the prior convictions did not occur in the statutorily-required sequence. Instead, he only contends that the record "affirmatively establishes that the State did not prove" the sequence of his prior convictions, which, as discussed above, the State was not required to do. (Appellant's Brief p. 9). That, however, is not the standard for calling into play the narrow exception for a sufficiency review. *See Roberson*, 420 S.W.3d at 838. Hence, the Fifth Court properly applied the applicable case law when it determined Appellant's pleas of true relieved the State of the burden to prove the prior convictions, and nothing in the record established the convictions were improperly used for enhancement purposes. This Court should overrule Appellant's ground for review and affirm the judgment of the Fifth Court of Appeals on this basis.

5. *This Court should hold the State is not required to plead "magic words" alleging the sequence of prior convictions to support punishment enhancement.*

As this Court stated in *Roberson*, "Evidentiary sufficiency is separate from allegations and notice." *Roberson*, 420 S.W.3d at 840. Under a due-process analysis, the issue of whether Appellant's sentence could be enhanced by the prior convictions turns on whether he "received sufficient notice of the

14

enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

Appellant does not claim he did not receive notice of the State's intent to enhance his punishment with the two prior convictions. Indeed, the record affirmatively reflects he received adequate notice. The indictment and notice pleading described the prior convictions, their respective cause numbers, and the convicting courts with particularity. He also does not allege that he was misled or surprised by the State's use of these prior convictions to enhance his punishment. His mere allegation that the pleadings contained a clerical omission rendering the sequence of the alleged convictions vague or unpled, in the face of his true pleas, does not and should not entitle him to a sufficiency review or destroy the effect of his pleas.

This case presents a question for this Honorable Court that begs for clarification: Is it true that a State's pleading does not give adequate notice under section 12.42(d) unless it expressly alleges that the defendant's prior convictions occurred in the required sequence? The facts here call upon this Court to consider the extent to which the practice of "notice pleading" relieves the State of the duty to include "magic words" alleging the sequence of prior convictions in its pleadings. To answer the question, the Court might compare the present situation to the development in the law concerning deadly weapon

15

findings and the State's duty to plead these magic words: *"and the said defendant used and exhibited a deadly weapon during the commission of the said offense."*

This Court has found that article 1, section 19 of the Texas Constitution requires notice and hearing on the issue of a deadly weapon finding. *Ex parte Patterson,* 740 S.W.2d 766, 774 (Tex. Crim. App. 1987). A defendant must have notice, *in some form*, that the State intends to pursue the entry of an affirmative finding on the use and exhibition of a deadly weapon. *Narron v. State,* 835 S.W.2d 642, 643 (Tex. Crim. App. 1992). Specifically pleading use and exhibition of a deadly weapon in an indictment gives a defendant notice of the issue and satisfies due course of law under article 1, section 19. *Patterson,* 740 S.W.2d at 776. Later, in *Ex parte Beck*, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989), this Court held that the murder-indictment allegation that Beck caused the victim's death by shooting him with a gun sufficiently notified Beck that the deadliness of the gun would be an issue at trial. *Ex parte Beck* overruled *Ex parte Patterson* to the extent it could be interpreted to conflict with that holding. *Beck*, 769 S.W.2d at 528. Following *Ex parte Beck,* this Court held that notice of the State's intent to pursue an affirmative deadly weapon finding is sufficient even if it is contained in *an abandoned* portion of an indictment charging attempted capital murder. *Grettenberg v. State,* 790 S.W.2d 613, 615 (Tex. Crim. App. 1990).

As with deadly weapon findings, prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment. *See Brooks v. State,* 957 S.W.2d 30, 32 (Tex. Crim. App. 1997) (holding that while prior convictions used as enhancements must be pled in some form, they are not required to be pled in the indictment, and the requisite notice was conveyed to the appellant by the State's motion for leave to amend the indictment to add a prior-conviction allegation and the trial court's order granting the motion); *Luken v. State,* 780 S.W.2d 264, 266 (Tex. Crim. App. 1989) (requiring that the notice be in writing).

In the present case, section 12.42(d) already gives a defendant notice that if the State chooses sequential prior convictions to show at his trial, then he will be subject to enhanced punishment. This is similar to placing a defendant on notice that if the State alleges that he caused another's death, then he is subject to enhanced punishment because it is self-evident that he used a deadly weapon, and therefore, a deadly weapon finding may be entered in the judgment. *See, e.g., Crumpton v. State,* 301 S.W.3d 663, 664-65 (Tex. Crim. App. 2009) (holding the jury's guilty verdict in a criminally-negligent homicide case was an adequate basis for the trial court to enter an affirmative deadly weapon finding in the judgment).

17

As with deadly weapon findings, here, the sequence of the prior convictions is self-evident because it is based on historic, immutable facts that have already occurred. (In this case, the State's notice of extraneous offenses, which listed the year of the January 4 aggravated assault conviction, reminded Appellant of this sequence.) The enhancement statute puts all defendants on notice of the consequence of a showing of sequential prior convictions. Thus, the State should not have to use magic words alleging that the defendant's prior convictions fall into a sequence to support enhancement of punishment. This is no different than the present practice that allows a deadly weapon finding to be supported by alleging and showing that a defendant caused another's death. *See Beck,* 769 S.W.2d at 528.

The State should give a defendant notice of the prior convictions the State intends to use for enhancement, and if the notice shows they are sequential, the defendant has been informed by statute of the punishment consequences. Here, Appellant's pleas of true attached to the State's pleadings which alleged the existence of the prior convictions that were linked to Appellant. His true pleas alleviated the State's burden to prove these alleged facts and he waived sufficiency review of the evidence to support those prior convictions.

In addition, the State sufficiently notified Appellant that the sequence in which these prior final convictions occurred would be a fact in issue at his punishment hearing and that the State would show the requirements of section 12.42(d) were satisfied for enhancement purposes. Appellant was represented by counsel, and it should be assumed that he understood the consequences of his strategic choices. He could have chosen to plead either "not true" or "true." When he chose to plead true, he did so knowing the consequences if "it [was] shown" by the State that the prior convictions were sequential under the provisions of section 12.42(d). Tex. Penal Code Ann. § 12.42(d). The State's notice of intent to pursue enhancement of punishment for the sequential prior convictions is sufficient even if it is contained *in some form* other than an indictment allegation. There is no variance between Appellant's true pleas and the evidence upon which "it [was] shown" that these admitted priors satisfy the requirements of section 12.42(d). *Id.* Appellant's true pleas should extend to the essential sequential facts which were not alleged in the State's pleadings but of which Appellant had notice. His true pleas relieve the State of the duty to prove the facts alleged in the charge. *See Dinn v. State,* 570 S.W.2d 910, 915 (Tex. Crim. App. 1978). After such a plea is entered, "the defendant is barred from bringing the State to task once again." *Long v. McCotter*, 792 F.2d 1338, 1339 (5th Cir. 1986). Appellant's pleas of true waived a sufficiency review.

*6. The State proved the statutorily-required sequence of the prior convictions beyond a reasonable doubt.*

In his brief, Appellant implies that his pleas of true proved he was the person convicted of the two prior aggravated assaults, just not the sequence. This seemingly amounts to a third type of plea not authorized by Texas law—a plea of "partly true." What standard should an appellate court use to guide it in a review of the evidence to support such a plea? Even if this Court were to determine that, in the absence of sequential allegations, Appellant's plea of true amounted to no plea, or required the State to prove the sequence, the evidence indeed proved the prior convictions.

In a case where a defendant does not plead true to a prior enhancement conviction, to establish a defendant's conviction of a prior offense, the State must prove beyond a reasonable doubt that 1) a prior final conviction exists, and 2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Once the State provides prima facie evidence of an enhancement conviction, the reviewing court presumes that the conviction is final when faced with a silent record regarding finality. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). In addressing a complaint about the legal sufficiency of the evidence at the punishment phase of trial, a reviewing court views the evidence in a light most favorable to the trial court's ruling and determines whether any rational trier of fact could make the finding

20

beyond a reasonable doubt. *McFarland v. State*, 928 S.W.2d 482, 496 (Tex. Crim. App. 1996).

Here, the only finding at issue, according to Appellant, is the sequence of the prior convictions. The record affirmatively reflects Appellant pled true to both enhancement allegations. In his brief, Appellant impliedly concedes that his pleas of true admitted the prior convictions, and he makes no complaint about their finality. (Appellant's Brief, p. 9). Hence, the State proved the prior convictions existed and were linked to Appellant. Despite Appellant's contention that the State presented *no evidence* as to the sequence of the priors, a review of the record shows that a rational trial court indeed could have found the State proved the statutorily-required sequence.

The record evidence proved the historical context for the two prior aggravated assaults. Although the State did not offer penitentiary packets proving the sequence of the convictions, the use of pen packets and related testimony is only one way of proving prior convictions; the State may also prove them through the testimony of witnesses. *See Wheat v. State*, 442 S.W.2d 363, 367 (Tex. Crim. App. 1969); *Brumfield v. State,* 445 S.W.2d 732, 740 (Tex. Crim. App. 1969); *see also Tomlin v. State*, 722 S.W.2d 702, 706 (Tex. Crim. App. 1987) (although the pen packets did not contain an offense date for the defendant's second felony offense, testimony of the defendant confirmed that

21

he committed the second felony offense after the first felony conviction was final).

Appellant agreed he had been to the penitentiary twice for the two aggravated assaults used to enhance his punishment. (RR5: 7-8). Appellant's mother, Hopkins, testified that Appellant had been to the penitentiary twice for aggravated assaults, once on a 2003 charge and once on a 2009 charge. (RR5: 49-53, 56-67, 59-60). Her testimony implied that the 2009 aggravated assault occurred after Appellant had been released from prison on the 2003 aggravated assault conviction. (RR5: 56-61). Hopkins's testimony proved Appellant was incarcerated for five years on the 2003 aggravated assault. (RR5: 58). Hopkins testified that, after Appellant went to the penitentiary for five years, he then was sent to the penitentiary after he committed a 2009 aggravated assault "behind Texaco." (RR5: 59). Although the State did not specifically mention to Hopkins the cause numbers of Appellant's 2003 and 2009 aggravated assault convictions, viewed in the context of the entire punishment hearing, the aggravated assaults that the State questioned Hopkins about clearly were the aggravated assaults listed in the enhancement allegations, and her testimony proved their sequence. *See Tomlin,* 722 S.W.2d at 705-06.

Additionally, the trial court could have rationally inferred the 2003 and 2009 aggravated assaults about which the State questioned Hopkins were the

22

two aggravated assaults used to enhance Appellant's punishment. The State offered evidence of two extraneous offenses of aggravated robbery and the only additional offenses mentioned were the 2003 and 2009 aggravated assault convictions the State used to enhance Appellant's punishment. The State also argued, without objection, at closing that Appellant had been in the penitentiary for his first aggravated assault conviction, got out, committed the second aggravated assault in 2009, and was again sent to the penitentiary. (RR5: 69-70).

From this evidence, the trial court could have rationally concluded that Appellant committed the January 4 aggravated assault and was convicted for it after he was finally convicted of the 2003 aggravated assault alleged in the indictment. Nothing in the record *affirmatively reflects* the convictions did not occur in the statutorily-required sequence. *Cf. Mikel*, 167 S.W.3d at 560 (holding no rational trier of fact could have found the second enhancement paragraph to be true where the evidence affirmatively reflected it did not occur in the proper sequence). Hence, the evidence is sufficient to prove the statutorily-required sequence for habitual-offender-enhancement purposes, and the convictions were properly used to enhance Appellant's punishment. This Court should overrule Appellant's ground for review.

23

## PRAYER

The State prays that this Honorable Court will affirm the judgment of the Fifth Court of Appeals.

Respectfully submitted,

/s/ Marisa Elmore

| | |
|---|---|
| Susan Hawk | Marisa Elmore |
| Criminal District Attorney | Assistant District Attorney |
| Dallas County, Texas | State Bar No. 24037304 |
| | Frank Crowley Courts Building |
| | 133 N. Riverfront Blvd., LB-19 |
| | Dallas, Texas 75207-4399 |
| | (214) 653-3625 |
| | (214) 653-3643 *fax* |

## CERTIFICATE OF WORD-COUNT COMPLIANCE

I hereby certify that the foregoing brief, including all contents except for the sections of the brief permitted to be excluded by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, is 5,023 words in length according to Microsoft Word 2010, which was used to prepare the brief, and complies with the word-count limit in the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.4(i).

/s/ Marisa Elmore
Marisa Elmore

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on Lawrence B. Mitchell, counsel for Appellant, by electronic communication through eFileTexas.gov to judge.mitchell@gmail.com, on November 13, 2015.

/s/ Marisa Elmore
Marisa Elmore